### No. 1,633.

THE PEOPLE OF THE STATE OF CALIFORNIA, (on the Relation of GEORGE F. SHARP.) PETITIONER, *v.* WASHINGTON BARTLETT, RESPONDENT.

PRACTICE.—STATEMENT ON MOTION FOR NEW TRIAL.—EXHIBITS.—Exhibits referred to in a statement on motion for a new trial, but which are not copied into the statement, will be deemed to have been considered on the hearing of the motion.

IDEM.—A copy of the statement on motion for a new trial which is made a part of the statement on appeal from the order granting a new trial, and in which certain exhibits are referred to and directed to be incorporated therein but are not inserted, does not tend to show that such exhibits were not considered on the hearing of the motion for a new trial.

CLERK OF DISTRICT COURT.—DUTY OF.—It is not the duty of the Clerk of the District Court to engross the statement either on new trial or appeal; nor is it his duty when a copy of a statement is required to insert any document which is merely referred to and directed to be inserted.

IDEM.—It is the duty of the Clerk to furnish or certify true copies of papers on file in his office, such as the statements on appeal and on new trial, and the exhibits on file in his office: but he is not required to certify a document made up by incorporating one or more of such papers within another.

IDEM.—REMEDY TO COMPEL CLERK TO MAKE CERTIFICATE.—The proper remedy to compel the Clerk to certify to the correctness of a transcript is by motion in the Court where the record in the cause remains and not by mandamus.

APPLICATION for a writ of mandamus to issue to the Clerk of the District Court of the Fourth Judicial District of the State of California, in and for the City and County of San Francisco.

The other facts are stated in the opinion.

*Geo. F. Sharp, in pro. per.* for the writ.

The ground of the relator's appeal is, that when the Court granted Bagley a new trial, it did not have any statement before it upon which in law it was authorized to act, because the exhibits upon which the relator's defence was founded, and the judgment rendered, were not copied in the statement, or in possession of the Court.

Without discussing the merits of *Bagley* v. *Sharp*, in this proceeding, we will say, that if these facts are established, the action of the Fourth District Court was clearly erroneous, and the order granting the new trial must be reversed.

The respondent is attempting to compel the relator to falsify his own statements, and present to this Court a record entirely different from that upon which the lower Court acted in making the order complained of. What power respondent or counsel possess to alter a paper filed

in a cause that had been finally acted upon by the lower Court, we cannot conceive. Before the statement was presented to the Court, Bagley had the right to engross it; but after the Court had passed upon it, that action must be reviewed upon the document, as it existed at that time, and not as afterward conceived it should have been made.

If this is not true, what remedy will the relator have? The Court, without any showing whatever, upon an *ex parte* statement, manifestly not containing the relator's evidence, sets aside a judgment recovered by him; puts him to the expense, loss of time and annoyance of another trial. Knowing he has been aggrieved, he applies to this Court for redress, but is told that he cannot present his cause here, unless he also presents evidence which the Court did not have before it at the time the injurious order was made.

If this was *certiorari*, instead of *mandamus*, would respondent certify the Statement on Motion for New Trial, as he finds it on record, full of blanks, or nicely doctored, complete and changed as he now desires it? And if his duty compels him to certify the papers in one case, as he find them on file, he must in all.

As we said on the opening, if relator had engrossed this statement on appeal in the same way as he has now, and then filed it, the respondent would not and could not have made the least objection to certify it. An engrossment is required simply to have the statement complete, when the Court is to pass on it. In our case, it was engrossed by inserting it in the transcript, as we have, and the record is complete for this Court. What difference, then; can it make whether the statement on appeal is engrossed, then filed, and then copied in the transcript or engrossed directly in the transcript. It seems like a distinction without a difference. There is no pretence that the statement on appeal is not correctly engrossed. Respondent is seeking, however, to make it appear that the statement on motion for new trial was engrossed when in fact it was not.

*Campbell, Fox & Campbell,* against the writ

*First*—When it appears from the bill of exceptions signed by the Judge, that the motion for a new trial was based on statement, counter statement, and affidavits, it cannot be objected that the statement was not settled. (*Williams* v. *Gregory*, 9 Cal. 76.)

When a party appears and argues a motion for a new trial, he cannot afterward object that the statement was not agreed to by him, and that it was not settled by the Judge. (*Dickinson* v. *Van Horn*, 9 Cal. 207.)

This was the defendant's position, he did submit the case. He now objects that there was no proper statement.

The real objection, as respondent understands it, is, that the various exhibits were not copied into the statement.

Section 195, Practice Act, says: "On the argument reference may also be made to the pleadings, depositions, and documentary evidence on file." It is to be presumed if these could be referred to on argument, they could be examined by the Court.

The respondent insists that in the statement on appeal these documents should be inserted, and that is one ground of his objection to certifying the transcript.

In a statement for a new trial, the evidence may be simply referred to, and need not be contained in the statement itself. It is not so in a statement on appeal, in which the evidence, if relied on, must be set out. (*Dickinson* v. *Van Horn, supra.*) Respondent, therefore, contends that in the statement of relator on appeal all of said exhibits should have been inserted.

*Second*—Defendant in preparing his transcript on appeal, has pursued the same course which plaintiff followed in preparing his statement on motion for new trial, and has left out the substantial part of it. Neither respondent nor plaintiff objects to the transcript on appeal containing the statement on motion for new trial, with the documentary evidence referred to therein inserted, notwithstanding the blank and "Here insert," which are found in the original statement on appeal. And it is claimed that the cases cited establish this as the true course, and that to insert a copy

of the statement on motion for a new trial, omitting the exhibits, is not a compliance with the letter or spirit of the practice as defined by statute and decided by this Court.

*Third*—The relator in this proceeding has mistaken his remedy. Prac. Act, Sec. 338, speaking of statement on appeal, says: "If no amendments are served (as here) the statement may be presented to the Judge for settlement without any notice to the respondent." This course should have been pursued. If we are met by the next section, 339, that the statement served on plaintiff's attorney is deemed agreed to, our answer is: What statement? If literally the one filed without filling in the statement on motion for a new trial, it will not avail relator, nor bring the merits of the case before this Court. If relator is allowed to insert the statement on motion for a new trial, he must insert it with the exhibits referred to. And to this we do not object; but we submit that he cannot insert the one and not the other. And this is the extent of the contest, and is the true distinction in the cases cited between statements on motion for new trial and on appeal.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and WALLACE, J., concurring:

In the action of *Bagley* v. *Sharp*, the defendant having recovered a verdict, the plaintiff moved for a new trial; and a new trial having been granted, the defendant appealed from that order. The defendant filed a statement on appeal, and in his statement, reference is made to the plaintiff's statement on new trial, and it is directed to be, but is not in fact, inserted therein; in other words, the statement on appeal, is a skeleton statement. In preparing his transcript on appeal, the defendant copied into his statement on appeal the statement on new trial, at the place where, in the skeleton statement it is directed to be inserted, and presented the transcript to the respondent, as the Clerk of the District Court, and requested him to certify to it as a correct transcript of the record, but the respondent refused. The petitioner

seeks, by this proceeding, to compel the respondent to certify that such transcript is correct.

The respondent denies that the transcript presented to him is correct. The cause was submitted without any evidence having been offered upon the issue as to the correctness of the transcript, and we must treat it as incorrect in the respects mentioned in the return. This is a complete answer to the application for the writ, for the Clerk will not be required to certify an incorrect transcript.

The real purpose of this proceeding is to cause the statement on new trial to be inserted in the statement on appeal, at the place therein where occur the words: "Here insert a copy of said statement," and in that manner, to show that the motion for a new trial was heard on a skeleton statement. There are several reasons why the relator should not have the aid of the writ of mandamus in this matter. The errors specified in the statement on appeal are, in substance, that the Court erred in granting a new trial on the skeleton statement; and the statement on appeal presents no fact other than that the motion for a new trial was heard upon such skeleton statement, without considering the exhibits which were therein referred to. It is difficult to conceive of a document more useless than a statement on appeal which merely refers to or embodies the statement on new trial, and specifies as the ground of appeal that the Court erred in granting a new trial on such statement. Such practice is not permissible. The practice Act prescribes a plain and simple mode, for the presentation to the appellate Court, of the questions arising upon the statement on new trial.

The exhibits referred to in the statement on new trial, but which were not copied into it, will be deemed to have been considered on the hearing of the motion for a new trial. (*Kimball* v. *Semple*, 31 Cal., 665.) The statement on appeal alleges that they were not so considered, but this statement is neither agreed to by the attorneys for the respective parties, nor settled by the Judge who heard the motion for a new trial. A copy of the statement

on new trial, in which the exhibits are referred to and direct-
ed to be incorporated therein, will not tend to show that
such exhibits were not considered, on the hearing of the
motion for a new trial.

It is not the duty of the clerk to engross the statement,
either on new trial or on appeal; nor is it his duty, when a
copy of the statement is required, to insert any document
which is merely referred to and directed to be inserted.   It
is his duty to furnish or certify true copies of papers on file
in his office, such as the statements on appeal and on new
trial, and the exhibits on file in his office; but he is not
required to certify a document, made up by incorporating
one or more of such papers within another.

Had the transcript, when presented to the clerk, been
in such condition that he ought to have certified to its cor-
rectness, the petitioner had an adequate remedy, by motion
in the Court where the record in the cause remained, to
compel the clerk to make the requisite certificate.

The petitioner has neither authority nor necessity for
using the name of the people in this action.

Mandamus  denied.

SPRAGUE, J., expressed no opinion.