C. W. MOORE, Respondent, *v.* J. B. TAYLOR, Appellant.

STATEMENT ON APPEAL.—AUTHENTICATION.—An agreement by the respective parties to an action that a certain document is the statement in the case, is, substantially, an agreement that such statement is correct.

IDEM.—An intelligible and definite reference, in a statement, to papers and exhibits, by letters or numbers, as attached to and constituting a part of the statement, is sufficient, without any incorporation of the same at length into the statement.

IDEM.—Where affidavits, depositions, or minutes of the court are incorporated into a statement, either in *hœc verba* or by appropriate reference, it is unnecessary to have any further identification of them.

APPEAL from the district court of the second judicial district, Ada county.

*H. E. Prickett and J. Brumback,* for the motion.

*Alanson Smith, contra.*

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred.

This is a motion to strike out the statement, and certain other papers in the transcript, on the grounds, substantially, as follows: 1. The statement has not been sufficiently authenticated by a certificate of the parties. 2. That certain papers and exhibits, purporting to be a part of the statement, have not been incorporated into it. 3. That certain papers and exhibits have not been identified, as having been read and referred to on the hearing of the motion, by either the judge or clerk.

We think that it is sufficient authentication of a statement, if the parties certify that it is the statement in the case. It would be allowing a party to act in bad faith, after having agreed that a certain document was the statement in the case, to then take advantage of such agreement on the ground that the certificate did not state that the statement was correct. By the terms of this certificate, if the statement is not correct the parties have certified falsely, for they certify that it is the statement in the case; and if not correct, it is not a true statement.

Again, it is urged that the statement is a "skeleton statement," because exhibits and papers are referred to which are not contained in it. There are many exhibits and papers referred to so indefinitely and unintelligibly, that they can not be considered as a part of the statement. In such cases they simply form no part of the statement, and must be treated as though no reference whatever had been made to them. In all cases, however, where a paper or exhibit which is found in the transcript is referred to by letter or number, and by express language of the statement is made a part of it, no incorporation of it in *hæc verba* is necessary. (*People* v. *Bartlett*, 40 Cal. 142; *Kirstein* v. *Madden*, 38 Id. 158; *Leszinsbry* v. *White*, 45 Id. 278.)

Lastly it is urged that certain affidavits had not been identified by an indorsement of the judge or clerk as having been read or referred to on the hearing. The provision of the statute requiring such identification was evidently in-

tended to cover those cases where no statement is-made, and where it is sought to use the affidavits which were used on the hearing of the case in the court below, in the appellate court. But where affidavits, depositions, or minutes of the court are incorporated into a statement, either in *hæc verba* or by appropriate reference, it is unnecessary to have any further identification of them.

Hence it follows that the motion must be sustained in part and refused in part, and in order that the parties hereto may have no difficulty in applying this opinion to the very complicated record in this case, we herewith append a schedule of the papers, exhibits, orders, judgments, etc., which we will consider in the transcript filed herein, which said schedule is a part of this opinion marked "A."