## J. G. DOLL v. JOHN ANDERSON.

WAIVER OF JURY.—A jury may be waived by the parties by a failure to file with the clerk, at least six days before the commencement of the term at which the action may be tried, a notice that a jury will be required.

RIGHT OF COURT TO SUBMIT ISSUE OF FACT TO A JURY.—The Court has a right to direct an issue of fact to be tried by a jury, notwithstanding the parties have waived the same by a failure to give notice at least six days before the commencement of the term that one will be required.

A CONTRACT ASSIGNABLE.—A contract where the owner of a stallion leases him for a season for a sum of money agreed on, and reserves the right to have the horse cover nine mares during the season, is assignable, and the assignee, who is also the purchaser of the horse from the owner is entitled, to all the benefits arising out of the contract.

SAME.—Before the assignee of such contract is entitled to the benefit of the same he must give notice to the lessee that he has purchased the same.

THE PRESUMPTION OF LAW IS THAT THE EVIDENCE WARRANTED THE VERDICT.— If the jury in their verdict necessarily pass on a material question of fact, the appellate Court will not reverse the judgment on the ground that there was no

evidence to warrant the verdict, unless a motion is made for a new trial, and a statement made which shows that no evidence was introduced to prove the fact. The presumption of the law is that there was evidence to sustain every material fact found by the jury.

ORDER OF PRODUCING TESTIMONY ON TRIAL.—The assignee of a contract who claims under it may introduce it in evidence before giving proof that the opposite party had notice of its assignment.

APPEAL from the District Court, Second Judicial District, Tehama County.

John P. Welsh was the owner of a stallion, and on the 18th day of February, 1862, he contracted in writing with the plaintiff, to deliver him the horse for one year from that date. The defendant was to pay him one thousand dollars for the use of the horse for the year, and Welsh reserved the right to have the horse cover ten mares, to be brought to such place as the plaintiff might stand him in the State of California; provided, that no mares in Tehama County, or any county adjoining thereto, other than those owned by Welsh, should be included in the number. Plaintiff had the privilege of keeping the horse two years at the same rate.

On the 6th day of September, 1862, Welsh sold the stallion to defendant, and assigned to him the contract. Afterwards, plaintiff elected to keep the horse for another year.

The defendant had nine mares served by the horse in the season of 1863. Plaintiff brought this action to recover nine hundred dollars for the use of the horse in covering the mares. Defendant recovered judgment, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellant.

The Court, as a matter of law, erred in admitting the contract and assignment in evidence, without proof that plaintiff had notice thereof. It was said by Mr. Justice Baldwin, in *Jackson* v. *Feather Water Company,* 14 Cal. 25: "The rule is that every error is *prima facie* an injury to the party against whom it is made, and it rests with the other party clearly to

32

show, not that probably no hurt was done, but that none could have been done by the error."

Adverse counsel seem to say in their brief that this Court must presume there was evidence showing notice to Doll of the assignment previous to the service of the mares, and quotes, in italics, the certificate of the Judge to the effect that both plaintiff and defendant testified as to the question whether plaintiff had notice.

We will concede that the error would be cured, if the statement had said there was evidence before the jury tending to show that Doll had notice of the assignment before the mares were served—but there is nothing of the kind; the statement simply says *the plaintiff and defendant both testified as to the question whether the defendant had notice of the assignment.* Now, the Court will mark that the Judge don't say how they testified, nor whether they testified that plaintiff had notice, nor whether the burden of the testimony was to that effect that he had notice, nor, if he had notice, whether it was before or after the service of the mares, nor whether both parties testified alike on the question, nor that there was a conflict in the testimony.

*Townsend & Combs,* for Respondent.


By the Court, RHODES, J.

Upon the calling of this cause for trial the defendant demanded a jury, and the plaintiff objected to a trial by a jury on the ground that the defendant had waived a jury by failing to file a notice that a jury would be required six days before the commencement of the term. The Court overruled the objection and the plaintiff excepted. That decision is now assigned as error.

It is provided by section twenty-three of the Act of 1863, concerning grand and trial jurors, that " a jury shall be deemed waived unless the parties, or one of them, to the action or proceeding, shall, at least six days before the commencement

of the term at which the same may be tried, file with the Clerk a notice that a jury will be required," and there can be no doubt that a jury may in that manner be waived by the parties. The Court, however, has the right, notwithstanding such waiver, to direct an issue of fact to be tried by a jury. Besides this, it would not be presumed that any injury had accrued to the plaintiff in consequence of the issues of fact being tried by a jury instead of the Court.

The contract made by the plaintiff and Welsh was assignable, and the defendant, as the assignee of the contract and the purchaser of the horse from Welsh, was entitled to all the benefits arising out of the contract and the ownership of the horse that Welsh would have been entitled to, had he continued to be the owner of the horse and the contract.

The remaining error assigned by the plaintiff is, " That the Court as a matter of law erred in admitting the contract and assignment in evidence without proof that plaintiff had had notice thereof."   The appeal is taken from the judgment, and the record contains, besides the judgment roll, a statement on appeal, which appears to have been settled and certified as a bill of exceptions and as a statement on appeal, by the Judge of the District Court.   The statement sets out the contract and its assignment, the fact that they were offered in evidence, that the plaintiff objected to their admission on the ground that the defendant had not proved notice to the plaintiff of the assignment, that the objection was overruled and the evidence admitted ; and that the defendant duly excepted to the decision.   The statement contains none of the evidence in the case except the contract and its assignment to the defendant and the bill of sale of the horse, by Welsh to the defendant, and it does not affirmatively appear that all the evidence in the case, or all that relates to the question of notice of the assignment is set out in the statement, but on the contrary it appears from the certificate to the statement that evidence was given upon that point, for it is stated in the certificate that " The plaintiff and defendant both having been sworn and having testified before the jury upon the trial of the cause

as to the question whether the plaintiff had notice of the assignment of the contract prior to the service of the mares by the horse." The defendant in his answer alleges that the plaintiff had "actual and full notice" of the sale of the horse and the assignment of the contract to the defendant before the "season" of 1863. The argument of the plaintiff shows that this is an allegation of a material fact in the case. The verdict having been for the defendant, the presumption, in the absence of a motion for a new trial on the ground that such material fact in the case had not been proven, and of a statement in some part of the record, showing that no material evidence was introduced to prove the fact, is that the fact was sufficiently proven before the jury to warrant their verdict. The objection of the plaintiff to the introduction in evidence of the contract and assignment on the ground stated, does not show whether any evidence of notice to the plaintiff had then been introduced, and certainly it does not tend to show whether or not such evidence was subsequently given by either or both of the parties. The objection amounts in substance to this— that the defendant should not have been permitted to prove the assignment of the contract until after he had proven notice thereof to the plaintiff; that is, that the proof of notice should precede the proof of the fact, of which notice was given. The contract and its assignment were admissible in evidence before proof of notice to the plaintiff was introduced; but if the notice was not proven before the jury in some stage of the proceedings, then the important question discussed by the learned counsel for the plaintiff, as to the effect of the absence of proof of notice, would arise, and probably would be held to be a material question in the plaintiff's motion for a new trial, if he had moved for a new trial and had assigned as the cause the insufficiency of the evidence in that respect to justify the verdict. But we are not authorized from the mere statement of the plaintiff's ground of objection to the admission of the contract and its assignment to presume that no evidence was given during the trial, of notice to the plaintiff, and thereupon to determine the consequences flowing from the

failure of the defendant to notify the plaintiff of the assign-
ment of the contract.

Judgment affirmed.