[Civ. No. 4690.  Second Appellate District, Division One.—May 28, 1924.]

## JOHN LAPIQUE, etc., Appellant, v. E. L. KELLY et al., Respondents.

[1] APPEAL—CERTIFICATION OF DOCUMENTS—INCLUSION IN JUDGMENT-ROLL—GRANTING OF MOTION.—The motion of an appellant to have certain documents certified and filed on appeal as part of the clerk's transcript will be granted where said documents, assuming their genuineness and regularity, and that they have any relation to the judgment from which the appeal has been taken, are such as would be included in the judgment-roll, and may be certified by the clerk alone.

[2] ID.—CERTIFICATION OF DOCUMENTS BY CLERK—MOTION FOR ORDER TO SHOW CAUSE—DENIAL OF.—The motion of such appellant for an order requiring the clerk of the superior court to show cause why he should not be ordered to make certain certificates will be denied where the clerk, by counsel, assures the appellate court that he is ready and willing to certify to the documents in question, another ground for the denial of such motion being that such an order to the clerk, if appropriate to be made, should be made on application to the superior court.

[3] ID.—DOCUMENTS — RECORDS — CERTIFICATION.— A certain so-called lease and a motion "to vacate and set aside said so-called lease," which so-called lease purports to have been executed, and which motion was denied, after the entry of a judgment, cannot be a part of the record on appeal from such judgment; and moreover, said documents cannot be included in the transcript unless first certified by the judge of the court in which the case was tried.

---

(1) 4 C. J., p. 509, sec. 2271 (Anno.).  (2) 4 C. J., p. 499, sec. 2255.  (3) 4 C. J., p. 167, sec. 1774, p. 444, sec. 2159.

1.  See 2 Cal. Jur. 632.

3.  See 2 Cal. Jur. 631; 2 R. C. L. 128.

MOTION for an order directing that certain documents be supplied from the record and thereby be made part of the transcript on appeal. Granted in part; denied in part.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

Clyde Bishop and M. B. Wellington for Respondents.

CONREY, P. J.—On motion of appellant, suggesting diminution of the record, and applying for an order directing that certain documents be supplied from the record and thereby be made part of the transcript on appeal.

[1] The documents called for are, *first*, the summons issued October 9, 1922, "the return of the sheriff of Kansas City, Missouri," the affidavit for publication of summons, and the order for publication of summons. As to these documents, assuming their genuineness and regularity, and that they have any relation to the judgment from which the appeal has been taken, they are such documents as would be included in the judgment-roll, and may be certified by the clerk alone. Therefore, without at this time considering in any way the legal effect of said documents, the motion to have them certified and filed herein as part of the clerk's transcript is granted.

[2] Appellant also, on notice, accompanied by his affidavit claiming that the clerk of the superior court refuses to certify to said documents, moves for an order requiring the clerk to show cause why he should not be ordered to make the demanded certificates. The clerk, by counsel, assures the court that he is ready and willing to certify to said documents, now on file in his office. For that reason, and also because such order to the clerk, if appropriate to be made, should be made on application to the superior court, the motion for an order to show cause is denied. (*People* v. *Bartlett*, 40 Cal. 142, 148.)

[3] The *second* group of documents called for, as described in the motion, consists of "a certain so-called lease" (purporting to have been executed May 28, 1923), and a motion of plaintiff "to vacate and set aside said so-called lease," denied by the superior court on April 4, 1924. Manifestly, these cannot be a part of the record on appeal,

since the appeal itself was taken on the fourteenth day of June, 1923, from a judgment entered on the twelfth day of March, 1923. Moreover, said documents could not be included in the transcript unless first certified by the judge of the court in which the case was tried. As to said so-called lease and said order of April 4, 1924, the motion is denied

Houser, J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 26, 1924.