[No. 21285. Department Two. October 25, 1928.]

WALTER L. BUNDY, *Respondent*, v. RUTH ANNE BUNDY, *Appellant.*[1]

*Ruth Anne Bundy*, for appellant.
*Henry Arnold Peterson*, for respondent.

ASKREN, J.—The parties to this action were married in September, 1925, and lived together until April, 1927. Both had been married before and were well past middle life at the time of their marriage to each

[1]Reported in 271 Pac. 268.

other. No children were born to them. For some time prior to their marriage, and at all times since, both have had employment; the wife, as pastor of a church, and the husband, as a stationary engineer. Their married life was not a happy one for a major portion of the time. The husband drank intoxicating liquor and gave, as his excuse, that unhappiness in his home was responsible for it. Trouble arose over relatives of each party and the attitude resulting made the parties hostile to each other. The wife doubted the husband's sanity and he claimed conditions at the home were unbearable.

Accordingly, after eighteen months of living together, he left the home and a little later started suit for divorce. The wife cross-complained and asked that a divorce be granted to her. Upon a full hearing of the case, the trial court awarded a divorce to each of the parties and settled property matters between them. The wife, being dissatisfied because the divorce was not granted to her alone and a more favorable property settlement awarded her, has appealed.

Appearing in this court in her own behalf without an attorney of record, she has raised many assignments of error. As we view them, they may be roughly divided into two questions: first, Was the court justified in granting a divorce to the husband as well as the wife? and secondly, Did the court err in making the property settlement?

Upon the first question, it will hardly prove profitable to enter into a detailed discussion of the evidence. We have read it with great care and examined the exhibits offered by the parties. From the evidence and exhibits, it plainly appears that the trial court chose the only course possible under the circumstances. The fault was not wholly on either side. The quarrels and trouble that arose during their married

life were sufficient to destroy their affection for each other. The attitude which the wife took towards her husband's mental condition and the morals of his relatives was sufficient in itself to justify the court in granting the husband a divorce. We conclude, therefore, that this claim of error is not substantiated.

On the question of property settlement, the following facts will be pertinent: At the time of the marriage, neither party had anything of substantial value. The husband worked continuously during the married life of the parties and gave his check to the wife, who made the disbursements. At the time of the separation, they had acquired no community property. In this situation, the trial court sought to leave the parties in about the same condition they were in when they married. To the husband, was given a used automobile of little value, a lot in Leavenworth, Washington, of approximately one hundred dollars value, and an insurance policy on his life—all of which he had before marriage.

To the wife was given one hundred and fifty dollars cash, to be paid twenty-five dollars per month. This was to be in addition to six payments of twenty-five dollars each, already ordered paid before the divorce, and one hundred dollars attorney's fee for the wife's attorney in the divorce case.

It will be seen that, after eighteen months of married life, the court put both parties upon practically the same financial condition they were in before the marriage, with the exception of an award of three hundred dollars temporary and permanent alimony to the wife. Both parties are amply able to support themselves, and no good reason appears in the record that would serve as a foundation for requiring the husband to pay any further sum than that ordered by the court.

Some contention is also made by the wife that

the court had no right to order the insurance policy on the husband's life and which named the wife as beneficiary, turned over to him. During their married life, a portion of the premiums had been paid by the wife. The amount was small and was taken into consideration by the trial court in fixing the property settlement. The argument apparently sought to be made here is that, since the wife was made beneficiary under the policy, a divorce decree cannot affect her rights. But appellant has misconceived the holdings of the various courts upon this question. Under our statute, the court has power to deal in a divorce case with all the property, separate and community, of the parties, and make such disposition as appears to be just under all the circumstances.

A careful examination of the entire record discloses no legal ground for reversing the decree of the trial court, and it is therefore affirmed.

FRENCH, PARKER, and MAIN, JJ., concur.