FRANK A. MCKENNA *vs.* FRANCES T. MCKENNA.

JUNE 23, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a proceeding for divorce which was heard on the petition of Frank A. McKenna and the motion of Frances T. McKenna in the nature of a cross-petition with a prayer for alimony. In the petition the cause alleged was that the parties have lived separate and apart for at least ten years. (G. L. 1923, C. 291, s. 3.) The same cause was alleged in the cross-petition and also that petitioner had been guilty of adultery, extreme cruelty and continued drunkenness. The evidence for both parties was confined to the single cause of living separate and apart.

After a hearing in the Superior Court, the petition of Frank A. McKenna was denied and the motion of Frances T. McKenna in the nature of a cross-petition was granted and an award of alimony was made. The cause is here on the exceptions of the petitioner: (1) To the denial of his petition and the granting of the cross-petition; (2) to the admission of certain evidence and (3) to the award of alimony. The exceptions to the admission of evidence are without merit and are overruled.

The parties have lived separate and apart for more than ten years and neither party questions the granting of the divorce for this cause. The petition of Frank A. McKenna was filed August 24, 1932; the motion of the respondent was filed November 30, 1932.

Petitioner contends as his petition was filed first that he, rather than the respondent, is entitled to have a decision and a decree of divorce. Before the cause was heard the attention of the court was called to the fact that there was pending in the court an action for divorce from bed and

board brought by Frances T. McKenna against Frank A. McKenna in 1922 which had never been heard. On the motion of the petitioner, with the consent of the respondent, this earlier action was dismissed.

In support of his contention petitioner relies on *McLaughlin* v. *McLaughlin*, 44 R. I. 429. In that case the decision was for the petitioner on the ground that respondent was guilty of extreme cruelty. After six months from the entry of the decision, respondent moved that a final decree be entered divorcing the parties. This motion was opposed by the petitioner. On the cause coming to this court, it was held to be error to enter a final decree for divorce against the wish of the petitioner in whose favor a decision has been given. The reason for this rule as stated in the opinion is that the law will not force a divorce upon a party entitled to it if he does not then desire it, nor will the court listen to a guilty spouse demanding an advantage from wrong-doing. The decision in the *McLaughlin* case is not persuasive on the question before us.

The basis for a divorce on the ground of living separate and apart for ten years is not the wrong-doing of one of the parties. It is the policy of the State—where the husband and wife have, for so long a time, failed to become reconciled —not to compel them to continue in a marital status which is ostensible rather than real. See cases on this cause for divorce, *Guillot* v. *Guillot*, 42 R. I. 230; *Stewart* v. *Stewart*, 45 R. I. 375; *Camire* v. *Camire*, 43 R. I. 489; *Dever* v. *Dever*, 50 R. I. 179.

Section 13, Chapter 339 of General Laws 1923, provides that no cross-petition in divorce proceedings shall be necessary but that the respondent in divorce proceedings by motion in writing setting forth the grounds therefor may avail himself of any matter which would be open to him upon a cross-petition; "and the court, upon hearing the cause, may make any decree for or against either party, interlocutory or final, warranted by the merits of the cause, that it could make in such  .  .  .  proceeding had a

. . . cross-petition been filed therein." The statute gives the court authority to enter a decree of divorce for either party who petitions for it regardless of the time when the different proceedings are begun. We are of the opinion that it was within the discretion of the court to give its decision in favor of either of the parties to these proceedings. The exception to the decision of the trial justice is overruled.

Petitioner was required by the decree to pay to respondent $15 weekly until further order of the court and to permit her to have the use of his bungalow at Point Judith during the summer months. It appears in evidence that by order of the court in the proceedings brought in 1922 petitioner was required to pay to his wife $25 weekly. This order subsequently was modified, first to $23 and finally to $15 per week. Petitioner has made these payments but now claims that because of a change of his circumstances he is unable to continue to pay $15 per week.

Both parties are over sixty years of age and there are no minor children. The respondent is nearly blind and suffers from diabetes. Petitioner is a practicing physician in the city of Pawtucket. He claims that because his practice has decreased he is now unable to continue the payment of the alimony ordered. The evidence of his ability to pay is not so clear as it might be. However, we can not say that there was insufficient evidence to warrant the award made by the trial justice, particularly as he stated in his rescript that petitioner might thereafter apply for a reduction of the amount of payment upon satisfactory proof of his inability to pay the same. The validity of the requirement that petitioner should allow his wife the use of the bungalow in the summer time is not free from doubt. Petitioner claims that in 1927 the legal title to this bungalow by deed was vested in his sister; if she is the real owner of the estate, the order of the court in this respect is unwarranted. The court did not believe petitioner on the question of ownership and, in view of the fact that neither petitioner nor his sister for several years has objected to the use

of the bungalow by the respondent, we can not say that the court was clearly wrong in deciding that the petitioner really owned and controlled the use of the bungalow.

For the reasons stated, the exceptions of the petitioner are overruled and the case is remitted to the Superior Court for further proceedings.

*Peter W. McKiernan, John C. Going,* for petitioner.

*C. Leslie Cordery,* for respondent.