[Civ. No. 1452.  Fourth Appellate District.—February 2, 1934.]

CHARLES A. NEVIN, Respondent, v. JAMES J. MAL-
LON, Appellant.

Elbert E. Hensley for Appellant. ·

Forgy, Reinhaus & Forgy and Edward H. Marxen for Respondent.

MARKS, J.—Appellant has moved for a diminution of the record on appeal, whereby he seeks to have incorporated in it a duly certified copy of his notice of appeal, and certified copies of various documents and account books by which he maintains it is shown that a jury trial was waived by the parties.

The notice of appeal is a necessary part of the record in order that this court may be enabled to assume jurisdiction of the appeal. As it is a document which may be certified by the clerk alone, the motion to make it a part of the record is granted and the certified copy presented with the motion for diminution of the record is ordered filed. (*Lapique* v. *Kelly*, 67 Cal. App. 531 [228 Pac. 355].)

As will appear in our consideration of the appeal from the judgment, the other documents which appellant desires incorporated in the record could have no bearing on the final determination of this appeal. The motion for diminution of the record as affecting all copies other than the notice of appeal is denied.

Appellant objected to a trial by jury at the time the case was called in the department of the presiding judge for assignment to a trial court. He renewed his objection in the trial department. Both judges overruled his objections and the case was tried before a jury which returned a verdict against him. His counsel now states that the case was first set down for trial on December 7, 1931; that the trial was continued from time to time until July 25, 1932, when it was had; that one day's jury fee was deposited May 6, 1932. Assuming these facts to be true, the trial of the case

before a jury does not constitute reversible error. In *Dickey* v. *Kuhn*, 125 Cal. App. 68 [13 Pac. (2d) 834], it was said: "It is the rule that notwithstanding a jury has been waived in the statutory manner, it is within the discretion of the trial court to disregard the waiver and try the case by a jury (2 Bancroft's Code Practice and Remedies, sec. 1120, p. 1580, and cases there cited; 35 Cor. Jur., Juries, sec. 139, p. 222; *Doll* v. *Anderson*, 27 Cal. 248; *Bullock* v. *Consumers' Lumber Co.*, 3 Cal. Unrep. 609 [31 Pac. 367, 369]; *Harmon* v. *Hopkins*, 116 Cal. App. 184 [2 Pac. (2d) 540]). The court did not abuse its discretion in so doing; and after an examination of the entire record we are convinced that the verdict was fully sustained, and that no error has been shown which can reasonably be said to have resulted in a miscarriage of justice."

This action grew out of a collision, in an intersection of public streets, between a light sedan driven by plaintiff and a loaded oil truck and trailer driven by defendant.

Defendant urges as grounds for reversal: that the evidence fails to show negligence on his part and does show the contributory negligence of the plaintiff; that the damages awarded are excessive; that the trial court committed errors in the admission and exclusion of evidence and in refusing his proposed instructions to the jury and in instructions given.

The case presents no new or unusual features and it is unnecessary to detail the evidence here. The evidence on the questions of the negligence of the defendant and contributory negligence of the plaintiff is sharply conflicting. There is evidence supporting the implied findings of the jury on both questions. That being the case the verdict and judgment finds evidentiary support and cannot be disturbed by us.

The jury returned a verdict for $7,587. The plaintiff was seriously injured and had not fully recovered at the time of the trial, more than a year after the accident. We find nothing in the record to indicate that the jury was influenced by passion or prejudice in arriving at its verdict.

We have examined the record and are satisfied that the rulings of the trial judge on objections made by counsel were fair to both parties. We find no prejudicial error in any of them.

The instructions given the jury correctly stated the law applicable to the case. The instructions proposed by defendant and not given were properly refused.

The attempted appeals from the verdict and the order overruling objections to a trial by jury are dismissed.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1934.