No. 32,233

George W. Savage, *Appellee*, v. Edith Blanche Savage, *Appellant*.

(44 P. 2d 272)

Opinion filed May 4, 1935.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellant.
*Edward T. Riling* and *John J. Riling,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was a divorce case. The question for review

relates to the paucity of the share of the plaintiff's property allowed to defendant by the judgment of the trial court.

In brief, the facts were these: In 1926, when plaintiff was about 73 years old, he married the defendant, who was then about 22 years old. Plaintiff had a business building somewhat unfavorably located in Lawrence, in one corner of which he had a room poorly fitted and furnished for residential purposes. He brought his bride to that abode and she lived with him for seven years. Prior to the marriage plaintiff gave defendant an automobile. During their married life they used up about $2,800 of plaintiff's savings.

The marriage had no more than the usual success which ensues from a union of April and December, and defendant may have developed a wandering foot. At all events plaintiff sued her for a divorce, charging extreme cruelty and gross neglect of duty.

Defendant filed a verified answer and cross petition, alleging matters of no present importance, but she also alleged that plaintiff owned real estate and a large amount of valuable machinery and tools; that he was a skilled craftsman and capable of earning large amounts of money; that she was the owner of a Buick roadster, model 1924, at the time of her marriage, and that plaintiff withheld it from her. She prayed for a fair and just allowance as alimony out of plaintiff's property and earnings.

While the action for a divorce was pending the trial court ordered plaintiff to pay to defendant the sum of $3.50 per week as temporary alimony until the further order of the court. Plaintiff obeyed that order for four weeks and thereafter defaulted. The court also ordered plaintiff to pay $35 to enable defendant to employ an attorney to make her defense and protect her interest in the action. This order was disobeyed.

At the trial plaintiff was granted a divorce on the grounds prayed for in his petition. As a share in her husband's property, $250 was decreed in favor of defendant, in which amount was included the $35 attorney's fee theretofore allowed and the aggregate of the small sums which had been allowed defendant as temporary alimony, some twelve weeks' payments of which were in default. By later amendment of the judgment, and in deference to the statute (R. S. 60-1511), the court also ordered that defendant's ten-year-old automobile be delivered to her or $40 in cash in lieu thereof. This judgment was made conditional upon a return of certain buffalo horns

belonging to plaintiff which defendant had carried off and to which plaintiff attached a sentimental value as a memento of his experience as a hunter in the Black Hills many years ago.

Defendant appeals, urging that the meager award allowed her was grossly unjust, and did not comply with the statute which provides that where a divorce is granted by reason of the fault of the wife, the court, among other matters, must award to her such share of her husband's real and personal property as to the court shall appear just and reasonable. (R. S. 60-1511.)

The evidence showed that defendant was wholly without property or means except her automobile. The testimony of two real-estate dealers was that plaintiff's real property was worth $4,000 to $5,000. Their qualifications to testify were not questioned and there was no other evidence on the subject except a showing that the property was valued at $2,435 for purposes of taxation. The evidence also showed that plaintiff was well supplied with tools and machinery for the pursuit of his vocation, but no estimate of its value appears in the record.

Was $250 a just share of her husband's real and personal property under those circumstances? Counsel for appellant reminds us that when the defaulted allowances for temporary alimony are deducted (and the woman had to live at somebody's expense during the interim until this case was tried), and when the $35 attorney's fee is also deducted, the net award accorded to her by this judgment was $173. This was a very small sum of money on which this cast-off wife must exist until she can make the necessary readjustments in her mode of life and have a fair opportunity to find employment suited to her limited capability to earn her own living. It was on such and similar considerations that the legislature enacted that no matter how culpable a delinquent wife may have been, when she is divorced some substantial provision must be made in her behalf so that she will not forthwith become an object of charity or the victim of her own frailty. (See *Davison v. Davison,* 125 Kan. 807, 266 Pac. 650; *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353.) In *Hendricks v. Hendricks,* 136 Kan. 69, 72, 12 P. 2d 804, which is to the same effect, it was pointed out that where the divorce is granted on account of the wife's fault, the statutory allowance to which she is entitled is not to be precisely characterized as alimony, but the distinction in terminology is not important. (1 J. B. K. 169.)

Where the vital question in an appeal is whether the trial court in fixing the share or amount to be awarded to a wife divorced on account of her own fault abused its discretion, the appellate tribunal must allow a considerable margin for differences of opinion. The justices of this court are not unanimous as to how much this woman should have. Three times, even four times as much as the trial court decreed, would reflect the judgment of some of our number. This court, however, is in substantial agreement that the award should not have been less than twice the sum allowed by the district court, exclusive of any deductions. We also conclude that this judgment should be modified in another respect. While the defendant should return the buffalo horns if within her power to do so, yet this condition of the judgment will be unduly oppressive if the horns are altogether beyond her control. The burden will be on defendant to show the facts if she does not comply with the trial court's order for the return of the buffalo horns.

In view of the foregoing the cause will be remanded with instructions to the trial court to set aside its award of $250 and to enter judgment in favor of defendant as follows: Plaintiff shall be required to return to defendant her automobile or pay her $40 in cash in lieu thereof. He shall likewise pay to defendant the full amount of the defaulted allowances heretofore made in her behalf for temporary alimony, aggregating $42. He shall likewise pay her the sum of $35 he was heretofore ordered to pay to her as an attorney's fee for services in the trial court; and shall pay the defendant the sum of $500 as a just and reasonable share of his property in conformity with the statute. Plaintiff shall likewise pay the costs in the trial court, and for the full satisfaction of the judgment a lien shall be imposed on plaintiff's real estate. The costs of this appeal, including the reasonable cost of printing defendant's abstract and brief, and an attorney's fee of one hundred dollars for services rendered in defendant's behalf in this court, are taxed against the plaintiff.

It is so ordered.