No. 32,512

LILLIAN HOLDER, *Appellant*, v. LEE HOLDER, *Appellee*.

(53 P. 2d 806)

Opinion filed January 25, 1936.

*Owen S. Samuel,* of Emporia, and *W. P. McLean,* of Fort Worth, Tex., for the appellant.

*I. T. Richardson,* of Emporia, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Appellant complains that in an action for divorce the court refused to make a proper division of property.

On May 14, 1932, appellant filed her action for separate maintenance. Before it was tried the parties effected some reconciliation. On May 23, 1934, apparently without cause, and without knowledge of her husband, appellant loaded a Buick coupé with some linens, silverware, electrical appliances, etc., and taking what money there was in the house, left their home and went to Fort Worth, Tex. About the same time, a married man in the community where the parties lived disappeared with his car. On May 28, 1934, appellee, by leave of court, filed an answer and cross petition and served a copy on the attorney who represented appellant when the original action was filed. Shortly thereafter appellant wrote her husband explaining she hated the farm, and life was too short to live where she hated it. Under date of May 29, 1934, she caused attorneys in Texas to write her husband that she was suing for divorce, enclosing waiver of summons, asking that he pay the fees and costs of $35, and to send such deeds as he desired his wife to sign and they would be signed and returned. On June 4, 1934, the instant case was tried and the court found the husband had provided well for his wife, had spent large sums, without specifying any amount, to keep the wife contented and happy; that the husband owned an eighty-acre farm and certain personal property, and also made findings as to the wife's leaving, that she took certain personal property, value not stated, reciting the correspondence above noted, and granted the husband a divorce and decreed:

". . . That the plaintiff has taken from the defendant, without lawful right or excuse, valuable personal property including money, the amount of which is not definitely ascertained, and all valuable silver plate, linens, both table and bed linens, and that the value of the same is equal to or greater than any other equitable division of the property the court could make, and that the same, except the automobile which the plaintiff also took from the defendant, is hereby set aside to plaintiff as her equitable share of the parties."

The real estate and the "other personal property which the defendant left behind" was awarded to defendant free from the claims of plaintiff.

On August 24, 1934, plaintiff moved to set aside this judgment for reasons not here important. The trial court denied the motion. On September 17, 1934, plaintiff's motion to open up the judgment was allowed and further testimony was heard. At that time no complaint was made as to the granting of the divorce; the complaint was as to division of the property. On the hearing, the wife made

many admissions concerning her leaving, what she did on the way to Texas, her letters to her husband and the letters her attorneys wrote her husband, which reflected no credit on her and warranted the trial court in giving little credence to her testimony. The court made an oral statement at the conclusion of the hearing, which, in part, was:

"This proceeding, I feel, is an outrage, asking that we charge this man's property with any contribution for this woman. I am not going to do it. I don't believe her testimony. I think this is wrong. . . I think that (I) made an order that she could have her personal belongings, her clothing and some few things, such as that, if she knows where they are, she would probably be entitled to them and she shall have them, as I said before. The original judgment and decree stands."

The journal entry of judgment recites:

"7. That when plaintiff and defendant were married the plaintiff had no property whatever, that the defendant by his efforts accumulated eighty (80) acres of land and several thousand dollars in money. That the plaintiff got all the money the defendant accumulated and spent it on automobiles and other matters save and except what she took away with her and the farm with its slight equipment of work stock, machinery, and household goods which she did not take away.

"8. That the plaintiff at the time she left the defendant on May 23, 1934, was satisfied that she had had her equitable share of the property, including the property and money that she was taking away with her, the exact amount of which does not appear in the evidence, and the court further finds that the money she has had from the defendant in ways aforesaid and the moneys and property that she took away from the home of the parties at the time she left the defendant on May 23 constituted and was the full equitable amount of the property to which she was entitled as alimony.

"9. The court further finds that the said automobiles which defendant claims she bought with her money were not bought with her money but were bought with the defendant's money. The court further finds that the said farm was not bought with money or any part of the money that belonged to the plaintiff but was bought with the personal earnings of the defendant after having fully and well provided for the plaintiff."

In the abstracts and briefs there is dispute as to whether a motion for new trial was filed, but a letter from the clerk of the lower court shows one was filed September 17, 1934. Notice of appeal was filed September 24, 1934, but for some reason was not certified and filed in this court until May 4, 1935. Our code requires the clerk of the district court to *forthwith* transmit to the clerk of the supreme court a certified copy of the notice of appeal and proof of service and of the journal entry of the judgment or order appealed from. (R. S.

60-3307.) The reason why this statute was not observed is not made to appear. It may be observed that an efficient administration of justice requires prompt attention to it, and when notice of appeal has been served and filed with the clerk of the court it is his duty to forthwith transmit the required documents to this court. *Forthwith* does not mean seven months later. The clerk of the district court was derelict in his duty.

The statement of what transpired in the court below, the remarks of the trial court and the statements in the journal entry of judgment show the trial court misconceived the law applicable to the situation. Since the judgment in this case, this court had occasion to consider a similar situation in *Savage v. Savage,* 141 Kan. 851, 44 P. 2d 272, where an allowance of less than $300 out of the husband's property worth $4,000 to $5,000 was disapproved, and in the opinion it was said:

"It was on such and similar considerations that the legislature enacted that no matter how culpable a delinquent wife may have been, when she is divorced some substantial provision must be made in her behalf so that she will not forthwith become an object of charity or the victim of her own frailty." (p. 853.)

The record does not disclose what property the defendant had at the time of the marriage but does show the real estate was acquired after marriage for a cash consideration of $4,800, which the wife testified was the result of their savings during married life. The trial court seems to have been impressed with defendant's statement he earned and the plaintiff spent the money. He took her "for better or for worse." When she left she took some articles of clothing, linens and silverware, but it is significant that there was no testimony as to their value. The amount of money she took, as claimed by the husband and found by the court, was not disclosed. As we read the record, the wife denied taking money, and the husband did not show any amount. The household furniture, which the wife said was worth $300, was left in the house. Neither can it be said the husband is entitled to the farm because it was bought with his earnings "after having fully and well provided for" his wife. That was his marital duty. At least in contemplation of law, during all that time he was availing himself of the services she rendered in taking care of the house, cooking meals, and performing such other duties and services as were incumbent upon her as his wife.

In our opinion, the trial court abused its discretion and did not

make a fair and equitable division of property between the parties. That part of the judgment determining property and property rights is reversed and set aside, and the cause remanded with instructions to hear testimony with respect to the situation as it existed on and about June 4, 1934, and from such testimony to make a fair and just division of such property as is contemplated by R. S. 60-1511.