[No. 27488. Department One. June 26, 1939.]

MYRTIE JEFFERS, *Appellant*, v. HUGH W. JEFFERS,
*Respondent.*[1]

*Jno. I. Melville* and *Henderson, Carnahan & Thompson,* for appellant.

*Thos. L. O'Leary,* for respondent.

MAIN, J.—This is a divorce action. The trial resulted in an interlocutory decree awarding the divorce to the plaintiff and making a division of the property of the parties. No appeal was prosecuted from that part of the decree awarding the divorce, but the plaintiff

[1]Reported in 91 P. (2d) 1005.

appealed from that part which made a division of the property.

The appellant, Myrtie Jeffers, and Hugh W. Jeffers, the respondent, were married in the year 1902, and soon thereafter moved to the city of Olympia, where the respondent engaged in the laundry business, and he has continued in that business up to the present time. Beginning probably about 1914 or 1915, the appellant began to work in the laundry and continued to do so for approximately fourteen years.

September 20, 1929, they were divorced. At this time, they entered into a property settlement agreement by which it was provided that all of the property that they owned was community property, and, for the purposes of the settlement, the value was approximately $135,000, which was divided equally. Certain real and personal property was set over to the appellant, and certain real and personal property was set over to the respondent, who was given the laundry and its equipment, together with the real estate upon which it was located; which plant was estimated at that time to be of the value of about one hundred thousand dollars. In order to equalize the division, the respondent gave the appellant a note for forty thousand dollars, secured by a mortgage upon their laundry. August 11, 1932, the parties remarried, and a few days thereafter the appellant cancelled the note and satisfied the real estate mortgage, upon which there was a balance due at that time of thirty thousand dollars.

In 1935, the respondent became interested in some gold placer mining claims in the state of Idaho, and invested therein at that time six thousand dollars. The appellant invested two thousand dollars. There were two other parties interested in the claims, and, subsequently, the respondent purchased one of these interests and a portion of the other. The title to the

claims stood in the name of the respondent, and, in order to keep that title alive, it was necessary to do the assessment work upon the claims which was required by law. During the year 1938, and four or five months prior to the time the present action for divorce was begun, the respondent expended, for the assessment work, the sum of $3,500, which, he said, was a charge against all those having an interest in the claims. The property was not owned or operated by a corporation. The respondent testified: "You might call it a partnership."

Prior to the time the present action for divorce was begun, the respondent acquired, through the estate of his deceased mother, certain brewery stock, and, at the time of the trial of this action, 248 shares of that stock, of the value of nine dollars per share, represented the stock which he had inherited.

In order to equalize the division, the decree provided that the respondent should give the appellant a second mortgage upon the laundry in the amount of $7,400, payable at the rate of one hundred dollars per month, with interest at six per cent per annum.

The appellant first contends that the cancellation of the note and the satisfaction of the mortgage a few days after the parties remarried was induced by fraud, and she seeks to have the mortgage reinstated. Without reviewing the evidence on this question, we think it fairly appears from the record that, at the time the parties remarried, it was understood that this obligation should be cancelled; and we cannot find, from the evidence, any justification for reinstating it. The decree, however, will be modified in two respects, first, with reference to the mining claims, and, second, with reference to the brewery stock.

It seems to us that the appellant, the divorced

wife of the respondent, should not be placed in a partnership with him and another person, where not only her interest in the mining claims, but the property set over to her, might be swept away. The interlocutory decree provided that the mining claims should be distributed to the appellant and the respondent, share and share alike, and that they should equally assume all indebtedness against them. The property being operated as a partnership, the two partners, other than the appellant, could operate it and contract obligations for which all of the partners would be liable, and it would be possible for them to create an amount of indebtedness which would consume all of the property which each of the partners had.

We think that the appellant should not have her property subject to this hazard. While the evidence is not very clear as to the value of the mining claims, the investments which were made in them by the appellant and the respondent, the respondent, of course, being the dominating factor in this regard, would indicate that the claims would have a speculative value of three thousand dollars. There was a suggestion during the trial that this property be set over to him, valued at that sum, but it was not carried out. In this regard, the decree will be changed by setting over the mining property to the respondent and awarding to the appellant $1,500 in lieu of her interest therein.

 With reference to the brewery stock which was set over to the respondent, it should have been equally divided between the parties. The fact that it was his separate property, acquired before the remarriage, is not material, because, in a divorce action, all the property of the parties, whether it be community or separate, is before the court for such disposition as shall be just and equitable, having in mind the facts and circumstances of the particular case.

Rem. Rev. Stat., § 989 [P. C. § 7508]; *Bundy v. Bundy,* 149 Wash. 464, 271 Pac. 268; *Otto v. Otto,* 178 Wash. 41, 33 P. (2d) 1074.

Aside from the brewery stock, the court, in the interlocutory decree, directed that all of the property of the parties be equally divided. The appellant made a considerable sacrifice, as it now appears, when she cancelled the note and satisfied the mortgage upon which there was a balance of thirty thousand dollars due, and she is, undoubtedly, now entitled to, at least, an equal division of the property, whether it be community or separate. The value of one-half of the brewery stock in question would be $1,116. To the $7,400 mortgage, above mentioned, there should be added $1,500, on account of the mining claims, and $1,116, on account of the brewery stock, which would make a mortgage of the total amount of $10,016.

The cause will be remanded to the superior court, with direction to amend the decree as herein indicated.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.