No. 34,530

J. A. FORD, *Appellee*, v. SUSAN FORD, *Appellant*.

(100 P. 2d 628)

Opinion filed
April 6, 1940.

*George K. Melvin*, of Lawrence, and *Donald C. Allen*, of Oskaloosa, for the appellant.

*James F. Swoyer*, of Oskaloosa, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is a divorce case brought by the husband against the wife. The defendant filed a cross petition which was dismissed. A divorce was granted to the plaintiff. Under the decree the parties were awarded the property, real and personal, owned by them, respectively, at the time of the marriage. It was further adjudged and decreed that the defendant "is awarded as permanent alimony and attorneys' fees the sum of $210, and the same shall constitute a lien on all of the property of the plaintiff until paid." The sole question presented is whether the trial court abused its discretion in allowing to the defendant only $210 as a full property settlement under the statute, and for alimony and attorney fees.

The parties were married November 26, 1938, and lived together until the final separation on March 27, 1939. At the trial the plaintiff was 62 years of age, and the defendant 45. Both parties had been married before. The plaintiff owned an undivided three-fourths interest in 155 acres of land. He lived on the farm, and had personal property consisting of household furniture, farm implements, horses, cows, hogs, etc. In 1938 the farm was assessed for taxation at $3,600, and the personal property at $1,225. Several neighbors testified the farm was worth $10 to $12 per acre. There was evidence that the assessment was too high. The value of plaintiff's interest in the real and personal property is estimated in defendant's brief at $3,500. The estimate of counsel for plaintiff is

from $1,710 to $1,992.50. From a study of the record we think $2,500 would be a fair estimate of the value of plaintiff's property.

The defendant owned a small farm and some personal property. The value of her property as estimated in the respective briefs runs from a low figure of $650 to $1,992.50. From the record before us we think a fair estimate of the value of the property of defendant would be near $1,200.

Under our statute G. S. 1935, 60-1511, if the divorce shall be granted by reason of the fault of the wife, it is the duty of the trial court not only to order restoration to her of the property she owned at the time of the marriage, but also such share of the husband's real and personal property, or both, as to the court may appear just and reasonable.

Under the command of this statute as construed by this court (*Holder v. Holder*, 143 Kan. 79, 53 P. 2d 806; *Savage v. Savage*, 141 Kan. 851, 44 P. 2d 272; *Metcalf v. Metcalf*, 132 Kan. 535, 296 Pac. 353; *Davison v. Davison*, 125 Kan. 807, 266 Pac. 650) we think the meager allowance awarded the defendant does not amount to a substantial provision out of the husband's property that should be made to her under the circumstances disclosed by the record. (*Savage v. Savage*, supra.)

The cause will be remanded with instructions to the trial court to set aside the award of $210, and to enter the award to defendant in the sum of $500, the judgment as so modified to stand. It is so ordered.