ELIZABETH M. KOHLSAAT, APPELLANT, *v.*
EDWARD C. KOHLSAAT, RESPONDENT.

No. 3422

January 29, 1945.                    155 P. (2d) 474.

C. D. *Breeze,* of Las Vegas, for Appellant.

*Ham & Taylor,* of Las Vegas, for Respondent.

## OPINION

By the Court, ORR, J.:

Respondent was granted a decree of divorce on the ground of three years separation. Appellant complains that the trial court abused the discretion vested in it by

law, in the following particulars: first, in refusing to set aside appellant's implied waiver of a jury trial; second, in refusing a continuance in order to permit one of appellant's counsel to reach Las Vegas, Nevada; and, third, in granting respondent a decree of divorce. It is further urged by appellant that the trial court erred in refusing to adopt certain additions to and modifications of the findings proposed by appellant.

On the 25th of February 1944 at the calling of the law and motion calendar in the district court, upon motion of respondent the case was set for trial for March 16, 1944. Counsel for the appellant was not present in court. Pursuant to the requirement of statute, counsel for appellant was given notice of the setting on the 25th of February 1944. On Friday, March 3, 1944, more than five days after the service upon counsel for appellant of the said notice of setting, appellant's counsel applied to the court for a jury trial. This was objected to by respondent, upon the ground that a jury trial had been waived by failure of the appellant to demand a jury trial within five days after notice of the setting of the case for trial, as is required by section 8782, N. C. L. 1929. The court sustained the objection and refused to grant appellant a jury trial.

It is argued that a jury trial should have been granted under the provisions of art. I, sec. 3, of the Constitution of the State of Nevada. It is conceded that the right of trial by jury is provided for, both by constitutional and statutory provisions, article I, section 3, Constitution of Nevada, and sec. 9467, N. C. L., vol. 2, 1931–1941 Supplement, but it is also well established that a jury trial can be waived by a party by failure to comply with the statutory requirements relative thereto. The provision of the Nevada law which applies in the instant case is subdivision (b) of subsection 1 (sec. 8782, N. C. L. 1929), which reads as follows:

"If such party or his attorney is not present at or has

no notice of such setting, then by failing to demand a trial by jury within five days after receiving written notice of such setting."

A similar provision of our law was, by this court, held to be a valid and constitutional enactment. O'Banion v. Simpson, 44 Nev. 188, 191 P. 1083.

Appellant concedes that she did not demand a jury trial within five days after receiving written notice of such setting, but urges that because she did so within two days thereafter and because the court then had full control of the matter, no waiver could be implied from the failure of appellant to demand a jury trial within five days after receiving written notice of the setting of the case for trial, and, further, that no waiver had occurred because the court had not assented thereto.

Under the statute, in actions such as this, two things must concur in order to effect a waiver: first, the failure to demand a jury trial within the time; and, secondly, the assent of the court. Both appear here; the failure to demand within time is admitted, and the assent of the court to a waiver is evidenced by its refusal to grant a jury trial when application therefor was made on March 3, 1944. The question of whether the waiver should be set aside and a jury trial granted was one which rested within the sound discretion of the court, and under all of the circumstances of this case we cannot say that the trial court abused its discretion in its refusal to grant a jury trial.

The following are cases wherein courts have refused to set aside waivers: De Remer v. Anderson, 41 Nev. 287, at page 302, 169 P. 737, 25 A. L. R. 775; Norland v. Gould et al., 200 Cal. 706, 254 P. 560; Naphtaly et al. v. Rovegno et al., 130 Cal. 639, 63 P. 66, 621; Thompson v. Anderson, Utah, 153 P. 2d 665.

And in the following, waivers have been set aside and appellate courts have refused to disturb the action of the trial court: Johnson v. Western Air Express, 45 Cal. App. 2d 614, 114 P. 2d 688, at page 694; Dickey v. Kuhn, 125 Cal. App. 68, 13 P. 2d 834, at page 835;

Burbank v. McIntyre, 135 Cal. App. 482, 27 P. 2d 400; Nevin v. Mallon, 136 Cal. App. 571, 29 P. 2d 303; Cowlin v. Pringle, 46 Cal. App. 2d 472, 116 P. 2d 109, at page 111; Duran v. Pickwick Stages, 140 Cal. App. 103, 35 P. 2d 148, at page 151.

■ To the cause of action alleged by respondent, appellant set up certain acts of cruelty and adultery alleged to have been committed by respondent, also willful desertion. Evidence in support thereof was given at the trial. This for the purpose of permitting the court to take such evidence into consideration in the exercise of its discretion. The pleadings and evidence in support thereof were pursuant to the sanction given such procedure by this court in the cases of Herrick v. Herrick, 55 Nev. 59, 25 P. 2d 378, and Jeffers v. Jeffers, 55 Nev. 201, 29 P. 2d 351. Appellant, in effect, takes the position that because she established the acts complained of, the court erred in granting the divorce. In other words, the position of appellant, as it appears to us, is that in an action based upon three years separation, if the defendant in that action establishes to the satisfaction of the court that the plaintiff had been guilty of desertion, extreme cruelty or adultery, and had been most at fault, then the trial court is bound to exercise its discretion in favor of the defendant. Such is not the law, and appellant concedes that the case of George v. George, 56 Nev. 12, 41 P. 2d 1059, 97 A. L. R. 983, lays down a contrary rule. She urges, however, that the rule announced in that case is too harsh and should not be allowed to stand. Such an argument does not impress us. The holding in the case of George v. George, supra, is sound, and to hold otherwise would confine the operation of the three-year cause of action to those who are least at fault. If comparative rectitude were to be the determining factor, then the enactment of the three-year separation statute would have been an idle gesture. Cases based on the three-year separation statute often come before a trial court, where the conduct of the plaintiff has been such as not to commend

itself to the court, but the court may determine that the interests of society outweigh the convenience or desire of a contesting spouse, and thus be impelled to separate the parties. Such being the legislative concept, as decided by this court (Herrick v. Herrick, supra), we have no disposition to disturb that construction. We are unable to follow appellant in her argument that the case of George v. George, supra, is out of line with the cases of Herrick v. Herrick and Jeffers v. Jeffers, supra; we think they are all in harmony in construing section 9467.06, vol. 2, 1931–1941 Supplement N. C. L. In this case the trial court had the opportunity of seeing and hearing the witnesses, and after a consideration of the whole record we cannot say that it abused its discretion in granting respondent a divorce.

On the question of the refusal of the court to adopt the proposed findings and amendments to findings as tendered by appellant, appellant asserts that because she alleged desertion and adultery on the part of plaintiff, and plaintiff denied said allegations in his reply, thereby making it a direct issue, she, the appellant, was entitled to have findings made thereon. The court did make findings upon the ultimate facts which conform to the pleadings and to the evidence and which support the judgment entered. The recriminatory matter pleaded by appellant did not move the court to exercise its discretion in appellant's behalf and deny a divorce to respondent, hence the recriminatory matter pleaded and proved did not become the main facts upon which the court acted. The main consideration for the granting of the decree was evidently the court's finding that the three years separation had occurred and that in all probability the spouses could not "live together in such a manner as to be for their best interests and the best interests of society." The findings adopted by the court support that theory, and hence the proposed findings of appellant were based on subordinate facts, and failure to make findings thereon is not cause for

reversal. 64 C. J., par. 1076, p. 1231, and par. 1099, p. 1251.

"It has been repeatedly affirmed that where a court renders a judgment without making findings upon all material issues of fact, the decision is against law, and constitutes ground for granting a new trial in order that the issues of fact may be determined, or for reversal upon appeal, provided it appears that there was evidence introduced as to such issues and the evidence was sufficient to sustain a finding in favor of the party complaining. *But this rule is applicable only where the omitted finding might have the effect to countervail or destroy the effect of the other findings.*" 24 Cal. Jur. sec. 186, p. 940. (Italics supplied.)

"In other words, when the facts found support the judgment, an omission to find upon an issue when such a finding would not necessitate any change in the judgment is not prejudicial error which warrants reversal or new trial." 24 Cal. Jur., p. 943, n. 17.

"It has been repeatedly held that if findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error." 24 Cal. Jur., sec. 190, note 8.

■ Appellant complains of the denial of her motion to vacate the trial setting of March 10, 1944, made on the ground that the twenty days allowed was not sufficient to allow her to prepare a defense, obtain the depositions of witnesses and have them transmitted to the court. This objection is answered by the fact that the appellant was able to and did make ample and thorough preparation for the trial of the case, and the depositions were in court at the time of trial and were introduced in evidence.

■ It is further argued that the court erred in refusing to allow a continuance of one day in order to permit Bernard Allen Fried, Esq., a member of the Chicago bar, time to arrive at Las Vegas, Mr. Fried being at the

time on his way to Las Vegas, to participate in the trial. We see no prejudice that could possibly have resulted to appellant in this refusal of the court to grant the one-day continuance. C. D. Breeze, Esq., a member of the bar of this state, was representing the appellant, and did so in what appears to us to be an able manner. We further observe that Mr. Fried, after the first day, was present during the remainder of the trial and actively participated therein.

No prejudicial error appearing, the judgment and order appealed from are affirmed.