278 P.2d 200

Edward Gilbert JOLLIFFE, Plaintiff-Respondent,

v.

Evelyn Marie Wakeford JOLLIFFE, Defendant-Appellant.

No. 8086.

Supreme Court of Idaho.

Dec. 21, 1954.

Karl Jeppesen and Sylvan A. Jeppesen, Boise, for appellant.

Richards, Haga & Eberle, Boise, for respondent.

TAYLOR, Justice.

This action is prosecuted by plaintiff (respondent) for divorce on the ground that the parties have lived separate and apart for more than five years without cohabitation. § 32–610, I.C. The parties were married November 10, 1928. At that time they were citizens and residents of the province of Ontario, Canada. The defendant (appellant) was employed in Detroit, Michigan and commuted to such employment from the domicil of the parties in Windsor, Ontario. In 1932, because of restrictions imposed by the government upon residents of Canada commuting to work in the United States, appellant (wife) moved from Windsor to Detroit, and thereafter cohabited with respondent (husband) in Windsor only on week ends and other convenient times. In 1934 the husband obtained employment in Detroit where he remained for a period of eight or nine months. During this time the parties lived

together in an apartment in Detroit. The husband was then transferred by his employer back to Windsor, where he established his domicil. The wife continued to live in Detroit. Both parties petitioned for United States citizenship. The wife became a citizen in 1934. The husband, upon removing to Canada, discontinued his citizenship proceedings. Subsequent to 1934 the parties spent week ends together at the home of appellant's sister in Windsor. These visits became irregular and less frequent as time went on and, as the trial court found, "ceased entirely, not later than 1941." Since 1941 the parties have lived separate and apart without cohabitation. The applicable statute is as follows:

> "When married persons have heretofore lived or shall hereafter live separate and apart for a period of five years or more without cohabitation, either party to the marriage contract may sue for a divorce which shall be granted on proof of the continuous living separate and apart without cohabitation of the spouses during said period of five years or more." § 32-610, I.C.

This action was commenced July 1, 1952. The plaintiff alleges that he has been a resident of this state for more than six weeks next preceding the commencement of the action, as required by § 32-701, I.C., and, as ground for divorce, that the parties "continuously since 1935 have lived separate and apart without cohabitation."

In her answer, defendant denies plaintiff's allegation of residence in Idaho. She admits that the parties have lived separate and apart without cohabitation since the fall of 1941, and alleges that such separate living has been "because of plaintiff's wrongful conduct and mistreatment of the defendant." Defendant also filed a cross complaint in which she seeks divorce from plaintiff upon the grounds of willful desertion, willful neglect, and extreme cruelty.

On the issue of residence, the evidence on behalf of the plaintiff is to the effect that he moved to and established a residence in Ada County, Idaho, on the 8th day of May, 1952, where he continuously resided until sometime after this action was commenced; in the summer of 1952, he went back to Windsor "to straighten up his affairs", "in order to remain in Idaho permanently"; that he returned to Idaho in January or February, 1953. His testimony as to residence was corroborated by his landlady. There was no evidence on the issue of residence on the part of the appellant, except that recounting the respondent's previous residence, business activity, and property holdings in Ontario Province. Therefore, at most, the evidence was conflicting as to the bona fides of the plaintiff's domicil in Idaho. Thus, an issue of fact was persented involving the court's jurisdiction to entertain plaintiff's

cause. The court having determined that issue upon substantial and competent evidence, its finding will not be set aside here. Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031.

Appellant assigns the finding and conclusion of the trial court that the lapse of more than ten years between the accrual of the causes of action for divorce set out in her cross complaint, and the commencement of her action thereon, was "an unreasonable lapse of time", and that her causes based thereon were barred by the statute. § 32–615, subsection 3, I.C. Appellant contends that, because her husband during all that time was a resident of Canada, she could not file an action for divorce on those grounds until he commenced his action in Idaho. She admits that during this period of time she maintained a separate domicil in Michigan. § 32–702, I.C. There being no proof as to the law of Michigan, it must be presumed to be the same as the law of the forum, and that she could have filed an action for divorce upon those grounds in the state of Michigan. Likewise lack of available remedy under the law of Ontario was not shown.

Her alleged causes could not be urged as recriminatory defenses: first, because as such they would likewise be barred, § 32–614, I.C., and, second, a recriminatory defense is not available in an action for divorce on the ground of five years separation. § 32–610, I.C.;

Annotation 152 A.L.R. 336; cf. Howay v. Howay, 74 Idaho 492, 264 P.2d 691. Nor can the defense be made that the separation was caused or continued by the fault of the plaintiff.

"The public policy of these separation statutes is based upon the proposition that where a husband and wife have lived apart for a long period of time, without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond." Annotation 51 A.L.R. 763.

"It has been suggested that, under the statutes making the separation of husband and wife for a specified period a ground for divorce, relief should be awarded only upon the application of the injured party, unless the statute otherwise expressly provides. It is argued that the grant of relief to the party at fault in these cases would be permitting him to take advantage of his own wrong. The majority of the opinions on this question, however, reject this contention, and permit either party to maintain the action, irrespective of who was at fault." Annotation 51 A.L.R. 763, at 764 and 765, supplemented in 97 A.L.R. 985; 111 A.L.R. 867, and 166 A.L.R. 498.

"The basis for a divorce on the ground of living separate and apart for ten years is not the wrongdoing of

one of the parties. It is the policy of the state, where the husband and wife have, for so long a time, failed to become reconciled, not to compel them to continue in a marital status which is ostensible rather than real." McKenna v. McKenna, 53 R.I. 373, 166 A. 822, 823.

The Nevada separation statute provides "the court may at its discretion grant" a divorce. St.1931, c. 111, § 1. Yet the court there held:

"The statute is very plain. It does not in terms require that a party should be without fault, and we do not think that such limitation may be inferred from it." Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378, at page 379; Kohlsaat v. Kohlsaat, 62 Nev. 485, 155 P.2d 474.

The Louisiana statute, like our own, provides that on proof of separation for the stated period a divorce "shall" be granted. Act No. 430 of 1938 LSA–R.S. 9:301. In Otis v. Bahan, 209 La. 1082, 26 So.2d 146, 148, 166 A.L.R. 494, at page 496, the court said:

"When the statutory period is shown the court has no discretion but must grant the divorce."

Further authorities are: Rozboril v. Rozboril, 60 Ariz. 247, 135 P.2d 221; Young v. Young, 207 Ark. 36, 178 S.W.2d 994, 152 A.L.R. 327; Barrington v. Barrington, 206 Ala. 192, 89 So. 512, 17 A.L.R. 789.

■ Our statute clearly indicates divorce is available to either party without reference to fault, and is mandatory in terms. It expresses the public policy of the state.

■ However, the divorce court is a court of equity, and the evidence as to fault or wrongdoing is the sine qua non of a just and equitable division of property, or award of alimony, where such division or award is discretionary. In Arkansas the statute expressly limits the question of who is the injured party to the settlement of property rights and alimony. Young v. Young, 207 Ark. 36, 178 S.W.2d 994, 152 A.L.R. 327.

■ It is generally held that the question of who is the injured party, and the circumstances of the parties, should be considered in the discretionary division of property or award of alimony. Enders v. Enders, 36 Idaho 481, 211 P. 549; Humbird v. Humbird, 42 Idaho 29, 243 P. 827; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d 1159; Ford v. Ford, 151 Kan. 637, 100 P.2d 628; 27 C.J.S., Divorce, §§ 229, 233. The court should consider any contribution made by the wife to the accumulation of the property to be divided, or subjected to the award in her favor. O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d 785; Hughes v. Hughes, 177 Okl. 614, 61 P.2d 556; Jeffers v. Jeffers, 199 Wash. 393, 91 P.2d 1005; Anderson v. Anderson, 380 Ill. 435, 44 N.E.2d 54.

The evidence shows that at the time the plaintiff returned to Canada in 1934 he was

employed as a refrigeration service man. About 1936 he became self-employed in the same business. His business continued to expand. In 1947 it was incorporated under the name of Jolliffe Enterprises, and included the business of selling as well as servicing refrigeration equipment. Upon the trial he testified his business had a book value of $27,113.58, and that he had it for sale at $45,000. Among its assets is a brick building in Windsor. His financial statement at the close of 1951 showed a net worth of $34,000. He also owned stocks valued at $3,048. During the first year of his independent operations the defendant assisted him on week ends in bookkeeping and mailing activities. Also during that year and subsequently she advanced small sums of money to enable him to meet collect charges on incoming repair parts. At times she borrowed the money to make these advances. While these advances were perhaps not great in amount and may have been in large part repaid, considering defendant's meager income at the time and the urgency of plaintiff's need for such assistance, the wife's help should be regarded as an important contribution. Continuously from the time of the marriage, the plaintiff failed to provide for the defendant either a home or living expenses. She was at all times self dependent. True, they occupied joint living quarters up to 1935 to which both contributed, but from the time plaintiff returned to Canada he did not provide or offer to provide a place for her to live. He says he asked her to come back to Windsor at that time, but to what living conditions does not appear. Presumably it would have been to the home of his mother, or the home of her sister, where they had at times previously resided. During later years when his business became prosperous he was amply able if he had so desired to provide a home and support for his wife. She paid his hospital and nursing bills following an injury suffered by him in an accident in 1938. This he did not remember until she produced her checks and receipts.

The defendant lives in what she referred to as a "little shack" in Detroit, for which she pays a monthly rental of $35. At the time of trial she had a $300 bank account, a 1947 Dodge Coupe, a salary of $100 per week take-home-pay, and she has a credit of $2,500 with the company by which she is employed, which was given to her as a Christmas bonus, the maturity date of which she did not know. She borrowed $1,400 to cover her expenses in coming to Idaho and defending this action. She is 51 years of age, appeared to the trial court to be in good health, has suffered two miscarriages, a hernia operation, is entering menopause, and a hysterectomy has been recommended.

■ Having regard to these circumstances, we think the award of $2,000 alimony which was made by the trial court is entirely inadequate and such as to require an upward revision by this court to $8,000.

Evidence as to the law of Ontario was introduced by the plaintiff, from which it appears that all of the property in that province is the separate property of the plaintiff, in which the defendant has no interest whatever. We treat it as such. § 32–706, I.C., provides in part that where a divorce is granted upon the ground of five years separation "the court may compel him * * * to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; * * *."

Section 32–708, I.C., is to the effect that the court in making such provision for the wife "must resort, first, to the community property, then to the separate property of the husband." There being no community property, in this case resort must be had to the plaintiff's separate property. Further considering the fact that the husband chose this jurisdiction to prosecute his action, thus imposing upon the defendant the expense of coming to Idaho to defend and assert her rights, such expenses should be taken into consideration, part at least thereof being unassessible as costs. Furthermore, the plaintiff having chosen this forum and his separate property being located in a foreign jurisdiction, beyond the reach of its process, the trial court should have required him to give security for the payment of the award, as authorized by § 32–707, I.C. 27 C.J.S., Divorce, § 274.

The cause is remanded with directions to the trial court to modify the decree by increasing the award of alimony to $8,000, requiring plaintiff to pay that amount within a reasonable time, to be fixed by the court, or within such reasonable time to give satisfactory security for its payment, on failure of which the decree to be vacated and the action dismissed. As so modified the decree is affirmed. Costs to appellant.

PORTER, C. J., and GIVENS and KEETON, JJ., concur.