ROBERT H. GREEN

*vs.*

LYDIA M. GREEN.

*Divorce: remedy for innocent parties; none where complainant is guilty of wrong that could bar his suit. Equity: clean hands.*

The maxim that "he who comes into equity must come with clean hands," is applicable in suits for divorce.            p. 145

Divorce is a remedy provided for an innocent party, and any misconduct on the part of the complainant which constitutes a ground for divorce will bar his suit, without reference to the nature of the offense of which he complains.            p. 143

If the proof discloses that both parties to the cause have grounds for a divorce, a decree should be granted to neither.
                                        p. 144

*Decided January 14th, 1915.*

Appeal from the Circuit Court of Baltimore City. (ELLIOTT, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE.

*Henry H. Dinneen,* for the appellant.

No appearance for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Robert H. Green, the appellant, filed his bill in the Circuit Court of Baltimore City for a divorce *a vinculo matrimonii* from Lydia M. Green, his wife, upon the ground of abandonment. The bill alleges, and the proof substantiates it, that the parties were married in November, 1908; that for no apparent reason on the 7th of May, 1909, the defendant abandoned her husband, and this desertion has continued uninterruptedly ever since, and is without reasonable expectation of reconciliation.

In the course of the proof the plaintiff was asked by the examiner, whether since his wife had been away from him, he had even been with other women, and the witness answered, Once, three or four years after the abandonment happened.

Upon the submission of the papers in the case to the auditor and master, Mr. Robertson reported that the bill should be dismissed, relying upon the case of *Fisher* v. *Fisher,* 95 Md. 316. Exceptions were filed to this report, which, after hearing, were dismissed, and the bill of complaint was also dismissed. It is from such decree of dismissal that the present appeal is taken.

Lydia M. Green made no defense in the Circuit Court to the charge of desertion; although summoned, she did not appear, and a decree *pro confesso* was entered against her, and she has not been represented on this appeal.

The argument of the counsel for the appellant is apparently based upon two grounds: (1) that the abandonment of the wife was the inciting cause of the subsequent act of adultery upon the part of the husband; and (2) that the statutory period of desertion having elapsed before the act of adultery

was committed, the right of the plaintiff had become fixed and could not be affected by his subsequent act. In support of his position he cites numerous authorities, some of which are applicable and some not, but the question involved in the case is of sufficient importance to make a review of the more important authorities appropriate.

Taking first the text books, we find the rule stated in 14th Cyc. 650, that "any misconduct on the part of the complainant which constitutes a ground for divorce bars his suit, without reference to the nature of the offense of which he complains," but adds, "in some States by statute or otherwise a contrary rule prevails and the offense must be of the same character." In the present case under the Maryland statute the desertion set out in the bill, and proved by the evidence, was a sufficient ground for the granting of an absolute divorce. Also the adultery of the husband constituted a sufficient ground under the statute for which Mrs. Green, if she had seen fit, might have filed her bill, and if the proof substantiated the allegations, have obtained an absolute divorce. If, therefore, the rule as stated in 14 Cyc. is supported by the authorities, there can be no question but that the decree of the Circuit Court in dismissing the bill was correct.

In *Nelson on Divorce and Separation,* sec. 429, the statement is as follows: "It is a general rule almost without exception (the reference here is to *Ristine* v. *Ristine,* 4 Rawle, 460) that one who has committed adultery does not come into Court with clean hands, and is not entitled to divorce for any matrimonial offense. This was the doctrine of the Ecclesiastical Court. If the plaintiff had committed adultery he could not complain of his wife's adultery. No decree of divorce can be obtained for cruelty if the plaintiff has committed adultery. Adultery is also an absolute bar to relief for desertion."

In 2 *Bishop on Marriage, Divorce and Separation*, sec. 350, it is said: "By all opinions, English and American, one

shown to have been guilty of adultery can not have a divorce for adultery committed by the other, and it makes no difference which was the earlier offense, or even that the plaintiff's followed a separation which took place on discovery of the defendant's."

In *Brown on Divorce,* page 84, the rule is laid down as follows: "Where each of the parties has committed a matrimonial offense which is a cause of divorce, so that when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the Court can grant the prayer of neither.

In *Stewart on Marriage and Divorce,* sec. 314, the rule is concisely stated as follows: "Divorce is a remedy provided for an innocent party. If both parties have a right to a divorce, neither has."

If now we turn from the text writers to the adjudicated cases, we find a wide diversity of decisions, much greater than the statements in the text books give any indication of. The case most frequently cited is the *Ristine case,* in 4 Rawle, 460, decided in 1834, in which it was held that adultery committed by a husband after a wife had separated herself from him was no bar to his obtaining a divorce in consequence of his wife's wilful and malicious desertion and absence without reasonable cause for two years, and the same rule was subsequently followed in Pennsylvania, in the case of *Mendenhall* v. *Mendenhall,* 12 Pa. Sup. Ct. 290; but it is to be observed in connection with these cases, that they were both decided upon the supposed necessity to observe certain established rules of statutory construction, and the same may be said of the decision in the case of Buerfening, 23 Minn. 563. Other Pennsylvania cases, however, are not in accord with the doctrine of the *Ristine case;* thus in *Vellis* v. *Vellis,* 4 Pa. Co. Ct. 100, it was held that a decree of divorce on the ground of desertion would not be granted to a wife where it appeared by her own evidence that she was delivered of a bastard child begotten after the desertion, the Court saying;"the libellant

is not an innocent and faithful wife. She does not come into the court with clean hands. Recrimination established by herself is a bar to her suit. * * * Divorce is a remedy provided for the innocent party, and is not intended for cases in which both parties are guilty." In that case, as in this, the defendant was entirely unrepresented. This case was subsequently followed, though not referred to, in the case of *Hugo* v. *Hugo,* 21 Pa. Co. Ct. 607, where it was held that where a husband and wife have both committed matrimonial offenses, which would justify a decree of divorce, whether the offenses are the same or not, the Court will grant the prayer of neither. *Leidig* v. *Leidig,* 13 Pa. Co. Ct. 29, cited by the appellant, was based upon the *Ristine case,* and is not entirely applicable. The real question there was, whether or not the act of adultery committed by one of the parties was a sufficient justification . for desertion by the other, and it was so held to be.

Without reviewing *seriatim* the cases in North Carolina. it will be sufficient to say, that they are in accord with the *Ristine case,* but, like that case, were decided upon the construction of the statute of that State.

*Williamson* v. *Williamson,* 46 L. T. R. (N. S.), 920, is hardly an authority for the proposition advanced by the appellant. In that case the complaint was filed by the husband, and it set forth that shortly after the marriage, the wife was arrested and convicted of a felony; that on the expiration of her term instead of returning to her husband she took service, and while so in service committed the act of adultery, and the Court held that no act of the husband had conduced to her adultery, and he was granted the divorce; but there was no suggestion in the case that he had been in any way in fault.

In the case of *Snook* v. *Snook,* 67 L. T. R. (N. S.), 389, there had been a decree of divorce *nisi,* and the husband, who had so obtained the divorce, was told by his solicitor that he might marry again after the expiration of six months; he did so after the expiration of that time, although the decree had

not been made absolute, and it was held that he had acted in ignorance of the law, had no intention of committing adultery, and that notwithstanding his second marriage amounted to adultery, a discretion would be exercised in his favor and the divorce made absolute.

In the case of *Moors* v. *Moors,* 121 Mass. 232, an almost similar condition was presented. A decree *nisi* of divorce had been entered, to become absolute after the expiration of six months. The complainant believing the divorce to be absolute, married another woman, and had intercourse with her, and the Massachusetts Court held that this was an act of adultery, so as to disentitle him to have the *nisi* decree made absolute.

In *Cumming* v. *Cumming,* 135 Mass. 386, it was held that, "a suitor for divorce can not prevail if open to a valid charge of any matrimonial offense whatever of equal grade," and to the same effect is *Handy* v. *Handy,* 124 Mass. 394.

Directly in point, as bearing upon the second ground urged by the appellant, is the case of *Mathewson* v. *Mathewson,* 18 R. I. 456, where it was held that a divorce will not be granted when it appears that the petitioner, although otherwise entitled to a divorce, has been guilty of conduct that is cause for a divorce. So where a man had deserted his wife and enlisted in the military service, writing to her but once or twice soon after his enlistment, and then remaining silent for twenty-seven years, and she believing him to be dead by reason of common report, married again, after which the first husband appeared with another wife and several children, but the plaintiff continued for a short time to live with her second husband, then ceased to cohabit with him and applied for a divorce from her first husband, she was held not to be entitled to the divorce because she was guilty of conduct authorizing a divorce after she knew that her first husband was alive.

In *Wheeler* v. *Wheeler,* 18 Or. 261, where the party seeking the divorce was liable to a charge which was a cause for

divorce, it was held that fact would prevent him from obtaining a divorce even though the wife had likewise been guilty of misconduct. The same rule was affirmed in *Earle* v. *Earle*. 43 Or. 293.

The case of *Whippen* v. *Whippen,* 147 Mass. 294, presents many points of similarity to the present case. The husband in that case had been deserted by his wife for seven years, and had no actual knowledge that she was alive. He went through a form of marriage, which was fully consummated; then learning that his first wife was still alive, applied for a divorce from her. She did not appear or make any defense to the suit. The conclusion of the Court was, that by his act he had been guilty of adultery and was, therefore, precluded from obtaining a divorce for the desertion.

In *Smith* v. *Smith,* 4 Paige, 432, after the complainant had filed his bill for divorce, he was guilty of an act of adultery, and this was brought to the knowledge of the Court by a supplemental answer filed by the wife, and the fact of such adultery, irrespective of the merits of the original bill, was held to preclude him from the relief which he sought.

Peculiarly apposite to the present case is the decision in *Tracey* v. *Tracey,* 43 Atl. Rep. 713, where the following language is used by VICE CHANCELLOR GREY of New Jersey: "All cases, however, declare that if the complainant in proving his case discloses his own guilt the Court will refuse him relief, even if his misconduct be not pleaded against him. The complainant can not exhibit to the Court his own breach of his marriage vows and successfully ask for relief because of the defendant's failure in marital duty. He comes into the Court with unclean hands and can not rightfully ask its aid. In the case before us, the complainant's breach of his marriage vows appears in his own proof by his own oath. The bill should be dismissed."

In concluding this review of the decisions, they can not be better summarized than was done by the Court of Appeals of Colorado, in *Redington* v. *Redington,* 2 Col. App. 8, 29

Pac. Rep. 811: "In the hopeless conflict among the authorities, both English and American, we must follow what seems to be the current of the main stream of judicial determination, influenced perhaps by our own judgment of what the law should be in such cases. It is the conclusion of this Court that the *Ristine case, supra,* and the *Buerfening case,* 23 Minn. 563, are not in harmony with the general doctrine of the American Courts"; and to the cases named, should properly be added the decisions in North Carolina, and a few isolated decisions in other States.

From this summary it follows that the Judge of the Circuit Court committed no error in overruling the exceptions of the complainant to the report of the master, and dismissing the bill, and the decree will accordingly be affirmed.

*Decree affirmed, with costs.*