# BERTHA M. MARTIN

## *vs.*

# ABRAM J. MARTIN.

*Divorce—Desertion—Misconduct by Both Parties.*

A wife is not entitled to a divorce for cruelty of treatment if, by reason of her refusal, without just cause, to submit to marital intercourse, she was guilty of desertion.          p. 185

Neither party is entitled to divorce, if each has committed a matrimonial offense which is a cause of divorce, without regard to whether the offenses are the same.          p. 185

*Decided June 21st, 1922.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Bill by Bertha M. Martin against Abram J. Martin. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Grace R. Gerber* and *Daniel W. Doub,* for the appellant.

*Omer T. Kaylor* and *J. Lloyd Harshman,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Washington County, dismissing the bill of complaint filed by the wife against the husband for a divorce *a vinculo matri-*

*monii* from the defendant, on the ground of cruelty, desertion, and adultery.

The defendant answered the bill, denying the allegations of fact as to the grounds for the divorce, and by way of counteraccusation charged adultery against the wife.

It is clear that the proof in the record is not sufficient to sustain the charge of adultery by the wife against the husband, nor to establish the counter charge of adultery by the husband against the wife.

It is contended, however, upon the proof set out in the record, that the wife is entitled to a divorce *a mensa et thoro*, for cruelty of treatment and desertion, under section 38 of article 16 of the Code of Public General Laws and that the court below committed an error in denying the wife this relief.

The testimony in the case covers over two hundred pages of the record and, after careful examination of all of it, we find no sufficient reason for disturbing the decree and conclusion reached by the judge of the Circuit Court for Washington County, before whom the case was tried, and his opinion, setting out the reasons for this conclusion, is contained in the record.

It appears that the parties were married on the 12th of October, 1904, in Hagerstown, Md., and lived together as husband and wife until May 10th, 1920, and, as a result of this marriage, one child was born to them, who is now an infant about thirteen years of age. They lived together at various places after their marriage, but removed back to Hagerstown in August, 1915, and have been living there since that date. The wife is thirty-eight years of age and is in good health. The husband is about the same age, and is also in good health.

The testimony, it will be seen, is voluminous and somewhat conflicting in its details. A large part of it is of a character to forbid its review in detail or to be recited in any Court. It abounds in allegations and charges of cruelty and exces-

sively vicious conduct on the part of both the husband and the wife, and if true, both of the parties are justly subject to the severest censure and criticism.

In *Hawkins* v. *Hawkins,* 65 Md. 104, it was held that a wife will not be granted a divorce *a mensa et thoro* upon the ground of alleged cruelty of treatment and excessively vicious conduct on the part of the husband, if it shall appear that she has been likewise guilty of cruel treatment towards him.

The same rule was adopted and applied by the Court in *Fisher* v. *Fisher,* 93 Md. 300, where it was held that neither of the parties were entitled to a divorce, and the bill was dismissed.

In *Mattox* v. *Mattox,* 2 Ohio, 232, the court said the application for divorce was to the equitable jurisdiction of the court and must be decided by the principles which prevail in courts of equity. The plaintiff must come with clean hands and a chaste character, not stained with the same infamy and crime of which she complains. These parties are *in pari delicto* and to grant relief to either of them would be offering a bounty to guilt. It would place the permanency of the marriage contract, in every case, at the disposal of the contracting parties, and remove one of the strongest motives to that correctness and chastity of conduct which is necessary to render the marriage state either pleasant or convenient. 9 *A. & E. Enc. of Law* (2nd Ed.), 816-825; *Beeby* v. *Beeby,* 1 Haggard's, Ecc. Reports, 790; *Fisher* v. *Fisher,* 95 Md. 314; *Childs* v. *Childs,* 49 Md. 509.

While the testimony of the wife as to the various assaults and attacks by the husband are somewhat contradictory, and not fully corroborated by the other evidence, we think the whole testimony is sufficient to show, as stated by the court below, that the husband was guilty of such conduct, if it stood alone, as would entitle the wife to a decree of divorce *a mensa et thoro.*

The rule, however, is laid down, and stated in 14 *Cyc.,* 650, as supported by authority, that where each of the parties

has committed a matrimonial offense which is a cause of divorce, so that, when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the court can grant the prayer of neither. *Stewart, Marriage and Divorce,* sec. 314; *Nelson, Divorce and Separation,* sec. 429.

In the recent case of *Green* v. *Green,* 125 Md. 140, this Court held that divorce is a remedy provided for an innocent party, and any misconduct on the part of the complainant which constitutes a ground for divorce will bar his suit, without reference to the nature of the offense of which he complains. If the proof discloses that both parties to the cause have grounds for a divorce, a decree should be granted to neither.

The testimony in this case shows that, shortly after the parties returned to Hagerstown in 1915, the wife, without just cause, refused to submit to marital intercourse with her husband, and that such intercourse took place only when the husband used force to accomplish it, and that a fight always followed a visit of the husband to the wife's bed room.

In *Fleegle* v. *Fleegle,* 136 Md. 631, this Court held that a refusal by the wife, without just cause, to have sexual intercourse with the husband, constitutes matrimonial desertion, and if continued would entitle the husband to a divorce.

In 9 *A. & E. Ency. of Law* (2nd Ed.), 764, it is stated that, "desertion is the wilful termination of the marriage relation by one of the married parties without lawful or reasonable cause, or a refusal without reasonable cause to renew the marriage relation after the parties have been separated."

In *Bennett* v. *Bennett,* 43 Conn. 313, it is said that desertion, in the marriage relation, consists in the breaking off of cohabitation, with a determination not to renew it. *Stewart, Marriage and Divorce,* sec. 254; *Bishop, Marriage and Divorce,* vol. 1, sec. 1662.

While the defendant's conduct, as disclosed by the record, in this case, is most reprehensible and subject to censure, it is clear, on the other hand, that the plaintiff herself is not guiltless, and can have but little standing or consideration in a court of equity.

For the reasons stated, we concur in the conclusion reached by the court below, that the plaintiff (the wife) is not entitled to the relief sought by her bill, and the court was entirely right in dismissing her bill.

This conclusion was, in our opinion, in accordance with the evidence and the principles of law, announced by the courts as controllng in similar cases.

> *Decree affirmed, the costs in this Court and in the court below to be paid by the appellee.*