## FREDA M. APPELTOFFT *vs.* HOWARD E. APPELTOFFT.

*Divorce—Adultery—Condonation—Recrimination  as  Bar.*

The uncondoned adultery of the wife, which occurred before the separation of the parties, but did not come to the husband's knowledge prior to that event, precludes a decree for a partial divorce, on the wife's application, for excessively vicious conduct.                                       p. 605

The husband's cross-suit for an absolute divorce is not barred by conduct on his part which would have entitled the wife to a decree *a mensa et thoro.*                            p. 605

In a suit for divorce on account of the wife's adultery, *held* that the evidence did not show that the husband acquiesced in or permitted the adultery, so as to support the defense of connivance.                                      p. 606

*Decided February 26th, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by Freda M. Appeltofft against Howard E. Appeltofft. From a decree in favor of defendant on a cross-bill filed by him, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and WALSH, JJ.

*William D. Macmillan*, with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*James Fluegel*, for the appellee.

URNER, J., delivered the opinion of the Court.

A bill for a divorce *a mensa et thoro*, on the ground of excessively vicious conduct, was filed by the appellant against her husband, the appellee, who filed an answer denying the alleged misconduct and also a cross-bill charging the appellant with adultery and praying for a divorce *a vinculo matrimonii*. The case was heard by the lower court on the oral testimony of the parties and their witnesses, and the trial resulted in a decree dismissing the bill of the wife and granting an absolute divorce for the cause alleged in the cross-bill of the husband. The answer of the wife to the cross-bill neither admitted nor denied the adultery of which she was accused, but the defense sought to be interposed in the testimony and argument was that the wife is innocent of the offense charged, and that even if she were guilty, her husband's abusive and violent treatment of her, and certain conduct on his part which is said to have encouraged a breach of her marriage vows, constitute a bar to his cross-suit for a divorce on the ground of her infidelity.

Upon the proof in the record we have no alternative but to agree with the conclusion of the court below that the charge of adultery has been sustained. The appellant, while denying the adultery, admitted her acceptance of affectionate attentions from the man suspected of being her paramour, and he testified specifically to their illicit relations. On one occasion they were discovered and interrupted by a witness while they were in the very act of adultery, according to his testimony. The existence of the compromising situation described by that witness was acknowledged by the appellant, but she asserted that the act was being unsuccessfully attempted against her will. In view of the proved and admitted circumstances, her denial is not convincing. The testimony in the case will not be here reviewed in detail. It

leaves no room for reasonable doubt as to the appellant's marital misconduct.

The evidence also proves that the appellee's treatment of his wife was repeatedly brutal and insulting. It would have been a clearly sufficient ground for a divorce *a mensa et thoro* under the Maryland law if the wife's own conduct had been free of the fault alleged and proved. Her uncondoned adultery, which occurred before the separation, but did not come to the husband's knowledge prior to that event, precludes a decree for a partial divorce on her application. *Martin v. Martin,* 141 Md. 182.

The question as to whether the husband's cross-suit for an absolute divorce is barred by conduct on his part which would have entitled the wife to a decree *a mensa et thoro* has been determined in the recent unreported case of *Pryor v. Pryor.* (See 146 Md. 683). In that case the opinion of the Court, prepared by Judge Adkins, contained the following statement: "By the great preponderance of authorities in this country, where the statutes authorize an absolute divorce or divorce *a mensa et thoro,* it is fully recognized that in a suit by one spouse for a cause entitling him or her to an absolute divorce, the other spouse cannot plead as a bar in recrimination a cause entitling him or her to a limited divorce. 9 *R. C. L.,* page 388, sec. 181; 39 *L. R. A.* (N. S.), page 1135, note; *Nelson on Divorce and Separation,* vol. 1, sec. 434. There is no express decision on this point in Maryland, but the principle seems to be tacitly recognized in the following cases: *Fisher v. Fisher,* 93 Md. at p. 300; *Rasch v. Rasch,* 105 Md. at page 507; *Green v. Green,* 125 Md. at p. 143; *Geisselman v. Geisselman,* 134 Md. at p. 462. At any rate there is nothing in these cases which indicates a contrary view." The opinion was expressed by the Court in *Foxwell v. Foxwell,* 118 Md. 471, that a decree of partial divorce at the suit of a wife because of abandonment by her husband would not be a bar to a subsequent suit by him for an absolute divorce on the ground of the wife's adultery which he had not condoned.

In accordance with the decisions we have cited, the contention in this case that the appellee's mistreatment of the appellant prevents a decree of divorce *a vinculo matrimonii* on the ground of her adultery must be overruled.

The evidence does not give adequate support to the theory of connivance urged in the argument. It was testified by the wife that she once told her husband it was not proper for him to leave her alone in their apartments, above his store, in the company of the visitor who is said to have become her paramour, and that in reply her husband made a remark indicating indifference as to what might occur if she was "not woman enough" to guard herself against the risk of improper advances. There was a positive denial by the husband that he made such a statement. It was mentioned by the appellant - as part of a conversation with her husband which occurred, as she testified, more than three years before their separation. The visitor was a young man with whom they had become acquainted as summer boarders at his mother's home in the country. He was a frequent guest at their home in the city during the winter. The charge of connivance is refuted by the appellant's own testimony as to her husband's resentful violence when he suspected that she and the young man referred to had ben engaged in flirtation or more serious impropriety. Upon her assurance that she had committed no wrong her husband authorized her to offer the young man his apologies for the suspicion and resentment he had manifested. The proof does not satisfy us that the appellee acquiesced in or permitted the adultery charged against the appellant, and the defense of connivance is therefore not available. *Barclay v. Barclay,* 98 Md. 366; *Kohlhoss v. Mobley,* 102 Md. 199; *Murrell v. Culver,* 141 Md. 349.

*Decree affirmed, the costs to be paid by the appellee.*