ARTHUR L. SMITH *vs.* ALICE T. SMITH.

APRIL 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This cause is here on the exception of the respondent to the decision of a justice of the Superior Court granting a divorce to the petitioner on the ground that the parties had lived separate and apart for ten years (G. L. 1923, C. 291, s. 3) and denying the cross-motion of respondent for a divorce on the ground of adultery.

The petition in this proceeding was filed July 29, 1932, the cross-motion September 15, 1932. Thereafter by consent of the respondent, petitioner, on September 25, 1933, the day on which the cause was heard, amended his petition by adding to the charge of living separate and apart, charges of gross misbehavior and extreme cruelty.

Petitioner and respondent were married in 1903. They have three children two of whom are married. The other child, a college student, is 19 years of age. Since 1920 petitioner and respondent have engaged in almost continuous matrimonial controversies in the courts. Their marital differences were first brought before the Superior Court August 7, 1920, by a petition of the present respondent, seeking a divorce from bed and board on the grounds of extreme cruelty and gross misbehavior. October 14 of that year the present petitioner filed a motion in the nature of a cross-petition for divorce which was discontinued January 5, 1921. The parties became reconciled and lived together until the latter part of 1921. At that time they separated and have since lived apart. Respondent thereafter filed a second petition for divorce from bed and board alleging extreme cruelty and gross misbehaviour. This petition was granted June 19, 1922. The parties have twice before been in this court on appeals from decisions of the Superior Court on the question of alimony and other allowance. (50 R. I. 278; 148 Atl. 900.)

Section 3 of Chapter 291 provides: "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony." At the hearing of the present petition the trial justice decided that the parties had failed to prove all the grounds for divorce alleged by either, save the one ground, admitted by both, of living apart for ten years. Respondent contends that petitioner's adultery was proved and that the decision of this issue was erroneous.

The manifest purpose of each party to besmirch the other makes it difficult to discover the truth in deciding the question of the weight of the evidence in support of the different accusations and counter-accusations. Although both parties pray for a dissolution of the marriage, the respondent does not seek such dissolution on the ground of living separate and apart, which does not necessarily asperse the reputation of either party. She insists that the divorce shall be granted to her on a ground that disgraces her husband. If she had proved her accusation of adultery, she would be entitled to have a decree of divorce and would be entitled by the statute to a property right in the estate of her husband. (C. 291, s. 5.) In the instant case her property rights are protected as the trial justice has left this question open for future determination.

In her cross-motion respondent alleges that the petitioner "hath continuously for more than the period of ten years referred to in his petition, been guilty of open and notorious adultery with at least the following named persons. . . ." Then follow the names of two women. The evidence of adultery in this proceeding is mainly that of the respondent and other partisan witnesses. That petitioner has been guilty of gross misbehavior has been judicially determined in a previous proceeding for divorce from bed and board. Much of the evidence to prove adultery in this latest pro-

ceeding was known to and used by respondent to establish the charge of gross misbehavior in the former proceedings.

Reference is made to these facts, not to criticize the respondent, but to show her hostility to the petitioner. The animus of respondent has to be considered in weighing her evidence. It appears that, because of the lapse of time since the events complained of, the testimony of several witnesses for respondent is uncertain and indefinite.

When the evidence is contradictory a finding of fact by a trial justice sitting without a jury will not be set aside unless it appears that such finding is clearly erroneous. The evidence of adultery against the petitioner is serious but it is not sufficient to establish error in the finding of the trial justice. Respondent's exception to such finding is overruled.

The next question is: has there been a clear abuse in the exercise of the judicial discretion in granting the prayer of the petition? *Dever* v. *Dever*, 50 R. I. 179. A divorce on the ground of living apart for ten years is not granted as a matter of right. The good or bad conduct of the petitioner is not decisive of the question of the proper exercise of the judicial discretion. Evidence of petitioner's bad conduct is admitted, not to control, but to aid the court in the exercise of its discretion. *Guillot* v. *Guillot*, 42 R. I. 230.

It is evident that the conjugal life and the family life of the parties are permanently disrupted. There is no inclination for and no prospect of a reconciliation. Nothing is left of the marriage relation but the legal tie. Respondent contends that, regardless of these facts, petitioner should be punished for his misconduct by a refusal of the trial justice to dissolve the marriage. If it appeared that there was any advantage to the family or to the State in continuing the marital status, the divorce might well be denied. But no such advantage is apparent. On the contrary it is plain that to compel the parties to continue in their present status would be prejudicial to the parties and to their children. Such being the situation, we are of the opinion that there

240

was no abuse of judicial discretion by the trial justice in granting the petitioner's prayer for divorce.

All the exceptions of respondent are overruled and the cause is remitted to the Superior Court for further proceedings.

*Tillinghast, Morrissey & Flynn, Daniel H. Morrissey,* for petitioner.

*Cooney & Cooney,* for respondent.