## COURSON *v.* COURSON

[No. 4, October Term, 1955.]

*Decided November 7, 1955.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Louis Samuels,* with whom were *Samuel A. Culotta*
and *Malcolm J. Coan* on the brief, for appellant.

*Ellis M. Fell* and *Simon Nobel Silverberg,* with whom
was *Morton H. Perry* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

In this case the chancellor gave the husband a decree
of absolute divorce from the wife on the ground of her
adultery.  She appeals, urging that the testimony was
insufficient to permit a finding of adultery and that even
if adultery properly was found, the husband cannot be
given a divorce under the rule of recrimination, it hav-
ing been shown in the case (although not pleaded) that
he was guilty of desertion for over eighteen months—an
offense which would have permitted the wife to obtain
an absolute divorce from him.

About a year after the parties were married, the wife
left their home without legal justification.  Several days
later, she receded from her legally unjustified position
and consulted her father-in-law and a marriage coun-
sellor, telling them she wished a reconciliation and ask-
ing advice as to how to make the marriage work.  The
counsellor sent for her husband and talked to him but he
flatly refused a reconciliation.  This occurred in August
of 1952.  In September, the husband filed a bill which
alleged desertion on the part of the wife and prayed for
a divorce *a mensa et thoro.*  In November, the wife
answered and filed a cross-bill, alleging desertion on the
part of the husband.  In April, 1953, Judge Warnken
dismissed the bill of the husband and granted the wife

a divorce *a mensa et thoro* on the ground that the husband had refused genuine offers of reconciliation on the part of the wife. The parties have lived apart from the time of the first separation and apparently have never seen each other. A child was born in February, 1953, but even then the father showed no interest whatever in the wife or the child. In June, 1954, the husband employed a detective to furnish evidence which would permit him to obtain a divorce from his wife. On the night of June 15, the detective called the husband and told him it was very likely that such evidence would become available that evening. The husband and the detective followed the automobile in which the wife and a male companion drove to an inn in the country for dinner, and later to a wooded area in the vicinity of Loch Raven Dam, where, in the early hours of the morning, they surprised the couple in the parked car and obtained evidence of adultery on which the husband brought the bill of complaint and obtained the decree appealed from.

Judge Moser, who heard the case below, said this: "The Court is fully aware of the serious effect of a decision which says that a wife, and the mother of a child, has been guilty of adultery. It is aware of all the restraints with which it is bound before coming regretfully to such a conclusion. The Court knows that the evidence must be clear and unequivocal. The Court knows that the testimony of a paid witness is to be regarded with grave suspicion. It also knows that a man who is paying $25 a week and hires a detective, that his testimony must be weighed in the same acid of suspicion." The court found from the testimony of the wife and her escort that there could be inferred a disposition on their part to commit adultery and that there was no doubt of the opportunity, and that it "* * * very reluctantly and regretfully, must come to the conclusion that * * * the evidence shows clearly and unequivocally that adultery has been committed." We have carefully reviewed the record and find nothing to indicate that the chancellor was wrong in his conclusions. A review of all the facts

and circumstances shown by the testimony could well "* * * convince an unprejudiced and cautious person of the guilt of the defendant." *Dougherty v. Dougherty*, 187 Md. 21, 28.

If then the chancellor did not err in his finding on this point, what effect must be given the fact that the testimony in the case shows that the husband had abandoned the wife in August of 1952 "and that such abandonment has continued uninterruptedly for at least eighteen months, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation" (Code, 1951, Art. 16, Sec. 33) and that, therefore, the husband was guilty of an offense which the statute says is a cause for divorce by the wife? Recrimination is generally defined as a rule or doctrine which precludes one spouse from obtaining a divorce from the other, where the spouse seeking a divorce has himself or herself been guilty of conduct which would entitle the oposite spouse to a divorce. If both spouses were guilty of uncondoned adultery, the ecclesiastical courts, following the Mosaic law, would not grant relief by way of divorce to either of them. Almost all of the states follow. this view and some, indeed most, go further. *Nelson, Divorce and Annulment*, Section Edition, Vol. 1, Sec. .10.01, p. 359, makes this statement: "In most states, the doctrine is carried forward in a broader form, so that, though the. spouse seeking a divorce on any ground authorized by the law of that state for absolute divorce can show misconduct of the opposite spouse meeting the statutory requirements, a divorce will nevertheless be denied if it appears that complainant, himself or herself, was guilty of misconduct which would have entitled the one against whom divorce is sought to a divorce. The misconduct need not fall within the same statutory classification, but it must be ground for divorce, not merely for separate maintenance or divorce *a mensa*." Maryland follows the rules which Nelson says are generally applicable in the United States. In *Geisselman v. Geisselman*, 134 Md. 453, 455, Chief Judge Boyd said for

the Court: "Our statute is silent as to the defense of recrimination, but it was a bar in the Ecclesiastical courts and has been recognized in many cases in this State, amongst others: *Fisher v. Fisher,* 93 Md. 298, and *Green v. Green,* 125 Md. 141." In *Green v. Green,* the husband filed for an absolute divorce on the grounds of abandonment for a period sufficient to justify an absolute divorce and proved his case. The wife did not even appear and a decree *pro confesso* was entered against her. She was not represented on appeal. In the course of his testimony, the husband was asked whether he had ever been guilty of adultery, and he answered that once he had. This had happened after the statutory period of desertion had elapsed. The court below dismissed the bill and this Court affirmed. In the opinion, there is a full discussion of various applicable points. Later cases which have announced the same general principle, namely, that the provisions and policies of the law forbid divorce to either of two spouses, both of whom have committed acts which constitute grounds for divorce under the statute, even though the acts are different, include *Martin v. Martin,* 141 Md. 182; *Boyd v. Boyd,* 177 Md. 687; and *Dougherty v. Dougherty,* 187 Md. 21, 30, 31, *supra.* In this State, too, recrimination need not be specially pleaded nor relied on, but if it appears to the chancellor that the complainant is guilty of recrimination, it is not only his right but his duty to refuse the divorce. *Green v. Green; Geisselman v. Geisselman; Dougherty v. Dougherty;* all *supra;* and *Burger v. Burger,* 204 Md. 495. Maryland also follows the general rule that a cause for divorce *a mensa* will not avail by way of recrimination against a cause for an absolute divorce, that is, separation for a period less than that necessary for an absolute divorce will not be available by way of recrimination to a defendant who has been guilty of adultery. *Appeltofft v. Appeltofft,* 147 Md. 603; *Dougherty v. Dougherty, supra; Burger v. Burger, supra; Saltzgaver v. Saltzgaver,* 182 Md. 624. For example, in the case last cited, there was proven adultery by the husband and abandonment

of twelve months by the wife. The chancellor dismissed the wife's bill on the ground of recrimination. The Court said: "This Court has expressly and definitely decided heretofore that while the doctrine of recrimination in divorce cases is recognized in Maryland, it is with the limitation that, in a suit on the ground of adultery, the recrimination charged by the defendant against the plaintiff must be for a cause *a vinculo matrimonii* and not one for *a mensa et thoro,* merely." Therefore, the decree was reversed.

In the case at bar, recrimination was argued below but the chancellor made no finding on the point and evidently rejected it as a defense. This does not preclude our passing on the question. *Schriver v. Schriver,* 185 Md. 227. The record makes it clear that the abandonment of the wife by the husband had continued from August, 1952, uninterruptedly for a period of some twenty-two months to the time the wife's offense occurred, as well as that the abandonment was deliberate and final and the separation of the parties beyond any reasonable expectation of reconciliation. The husband attempted to show to the contrary by telling of a telephone call which he made to the wife in June, 1953, asking if they could not get together again. Apparently he arranged to have this call overheard by his mother. This isolated effort by telephone, considered in the light of all the evidence in the record, which shows that he has not had, and does not now have, any interest in his wife or child, would not suffice to toll the period of abandonment necessary for an absolute divorce or to change his status from that of a deserter

There is no Maryland case in which it has been held explicitly that desertion for a sufficient length of time to serve as a basis for an absolute divorce will bar a complainant from obtaining a divorce on the ground of adultery on the part of the other spouse; yet, if recrimination is recognized to the extent that it is in Maryland, there would seem to be no distinction in principle in this factual situation and the converse situation in the case

of *Green v. Green*. Some states have adopted, either by statute or by express decision, or by the results reached in individual cases, the doctrine which has come to be known as that of "comparative rectitude". Under this doctrine, if both spouses are at fault in the eyes of the law, the spouse least at fault may be given a divorce in the discretion of the court. See *Nelson*, work and volume cited, Sec. 10.03, p. 363; *Keezer, Marriage and Divorce*, Third Edition, Sec. 495-497; and note in 63 A. L. R. 1132.

The District of Columbia recognizes recrimination but refuses to hold it an absolute bar to divorce, merely considering it as part of the whole picture. This result is justified on the ground that it is undesirable, futile and injurious to society to require two individuals to remain married in name only, when all hope of marriage in fact is gone. *Vanderhuff v. Vanderhuff*, 144 F. 2d 509.

Maryland has never recognized the doctrine of comparative rectitude, and jurisdictions which do not, hold generally that abandonment for a period of time sufficient to serve as the basis for an absolute divorce may be used as recrimination against adultery. *Nelson*, in the work and volume cited, Sec. 10.06, p. 367, says: "Even though the defendant, respondent or libelee in a divorce suit is charged with adultery, he or she may defend by way of recrimination by setting up facts showing any other ground for divorce that may exist against complainant. Thus, if the desertion period was complete before the adultery was committed, desertion may be set up to defeat the cause of action for adultery." *Schouler Divorce Manual*, Sec. 181 (b) says: "According to the great weight of authority, if the plaintiff has been guilty of any one of the statutory causes for divorce recognized in the state where the action is brought, the defense of recrimination is available on the theory that the one complaining must himself be guiltless. Thus, the recriminatory offense need not be the same as the one charged by the plaintiff. Any misconduct sufficient to establish grounds for divorce in that state will be sufficient. For example,

where the plaintiff is guilty of adultery, a divorce will be denied regardless of the ground alleged in the complaint. Likewise, cruelty or desertion on the part of the plaintiff may be a defense to an action based upon adultery where all three acts are equally causes for divorce." *Keezer*, work cited, says at Sec. 522, p. 563: "The right to a divorce contemplates a guilty party and an innocent party. If both are at fault, neither is entitled to a release. * * * Cruelty has also been allowed as a recriminatory offense against adultery. * * * Desertion has been allowed as recrimination against adultery." The cases support the text writers. Among those that have held flatly that desertion for a sufficient length of time will bar a divorce by the deserter on the ground of adultery by the deserted spouse are: *Hall v. Hall* (Mass.), 4 Allen 39; *Handy v. Handy,* 124 Mass. 394; *Pierce v. Pierce* (Vt.), 40 A. 728; *Thomsen v. Thomsen* (Ore.), 275 P. 673; *Rankin v. Rankin* (N. J.), 121 A. 778; *Young v. Young* (N. J.), 119 A. 92; *Rapp v. Rapp* (N. J.), 58 A. 167; *Rigsby v. Rigsby* (Ky.), 97 S. W. 2d 835; *Smith v. Smith* (Ky.), 203 S. W. 884. See, too, *Conant v. Conant,* 10 Cal. 249, 70 Am. Dec. 717, 722, 723; *Rybeth v. Rybeth,* 39 Ala. 348; *Opperman v. Opperman* (Ohio), 65 N. E. 2d 655; and note in 25 A. L. R. 1051.

Whether the law of Maryland should be changed to recognize the doctrine of comparative rectitude, or the theory of the courts of the District of Columbia that recrimination should not be an absolute bar, or that recrimination should not be a bar at all, is for the Legislature, and not for this Court, to say, in view of the settled state of the law in the State. The law, as it now stands, requires a finding, under the facts of this case, that neither party is entitled to a divorce and the decree of the lower court must, therefore, be reversed.

*Decree reversed, with costs.*