### MATYSEK *v.* MATYSEK

[No. 29, October Term, 1956.]

*Decided January 15, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Morton H. Perry* and *Simon Nobel Silverberg,* for appellant.

46

*Preston A. Pairo,* with whom was *Preston A. Pairo, Jr.,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is a divorce case in which the wife (appellee) was granted an absolute divorce on the ground that the parties had voluntarily lived separate and apart, without cohabitation, for a period of more than three years prior to the filing of the bill and that the separation was beyond any reasonable expectation of reconciliation. (Code (1951), Article 16, Sec. 33, clause fifth.) The husband admitted the fact and duration of the separation and the absence of cohabitation; but resisted the suit on three grounds: (1) he denied that the separation was voluntary, asserting that it was not by mutual agreement; (2) he denied that the separation was beyond reasonable expectation of reconciliation; and (3) he set up recrimination, based upon the wife's adultery, as a defense. The Chancellor found against him on the facts on the first and second grounds above stated and ruled against him as a matter of law on the third, holding that recrimination was not available as a defense to a suit for divorce based upon voluntary separation. The husband appealed.

The appellee filed a motion to dismiss the appeal because the appellant's brief was not filed within the time prescribed by the Rules of this Court. The lateness did not, however, delay the hearing of the case in regular course and does not appear to have prejudiced the appellee. We therefore overrule the motion, and will turn to the merits of the case.

In this Court the appellant has made no attempt to upset the finding against him on the matter of reconciliation, as to which the Chancellor stated that he did not believe the appellant's testimony. We need not comment further on this phase of the case, except as incidental to other matters.

On the question of voluntary separation, the evidence, which consists of testimony of the wife corroborated by testimony of her mother, was to this effect: that the husband drank quite frequently; that he had humiliated the wife on a number of occasions; that he had repeatedly told her that she was "no good" and to "get out"; that following an argument he again

made such statements to the wife at her mother's house on the night of July 25, 1952; that in response to his demand then made that she "get out", she said "All right"; and that early on the next morning she did get out and went to her mother's home. None of this testimony was disputed by the husband; in fact he did not testify at all about the events which led up to the separation.

The cases in this Court are uniform in holding that a voluntary separation as a ground for divorce under our statute imports a mutual agreement to live separate and apart. See *Campbell v. Campbell,* 174 Md. 229, 198 A. 414; *France v. Safe Deposit & Trust Co.,* 176 Md. 306, 4 A. 2d 717; *Miller v. Miller,* 178 Md. 12, 11 A. 2d 630; *Kline v. Kline,* 179 Md. 10, 16 A. 2d 924; *Beck v. Beck,* 180 Md. 321, 24 A. 2d 295; *Nichols v. Nichols,* 181 Md. 392, 30 A. 2d 446; *Foote v. Foote,* 190 Md. 171, 57 A. 2d 804; *Hahn v. Hahn,* 192 Md. 561, 64 A. 2d 739; *Ashman v. Ashman,* 201 Md. 445, 94 A. 2d 257; *Lloyd v. Lloyd,* 204 Md. 352, 104 A. 2d 595; *Benson v. Benson,* 204 Md. 601, 105 A. 2d 733.

None of the above cases (nor any other which has come to our attention) holds that a voluntary agreement to live separate and apart must be arrived at either with calmness and courtesy or without anger. Courtesy certainly, and calmness probably, were lacking in the instant case, and in all likelihood anger was present. We think that a mutual agreement may be reached under such circumstances. The case which most nearly approaches the present case in the general tone of language used seems to be *Miller v. Miller, supra.* There the husband had threatened to leave the wife (for a reason which this Court found to be insufficient), and she replied "Well if you want to go, go on and go, but you are going to have to take care of these children." The husband claimed that this amounted to a voluntary agreement to separate. His contention was rejected because the wife's statement amounted merely to acquiescence in what she could not prevent. That was not the situation in the present case. The husband demanded that the wife leave. She could have refused. Instead, she agreed and she did leave.

We think that the language and conduct of the parties on

the night of July 25th and the early morning of July 26th were sufficient to support the Chancellor's explicit finding that the separation was voluntary. At the conclusion of the testimony he said: "I think these people separated voluntarily. They were glad to get away from each other." In his memorandum opinion he substantially repeated this finding in saying: "This Court finds as a fact from all the evidence in the case that the separation of the parties was a voluntary one. It cannot accept the testimony of the husband that he was opposed to such separation and that he now desires a reconciliation. It finds both in the manner and substance that the testimony the husband gave is entirely unworthy of belief." Cf. *Walker v. Walker*, 209 Md. 428, at 431, 121 A. 2d 195, at 197.

The Chancellor arrived at the conclusion that the separation was voluntary, notwithstanding testimony given by the wife's mother on cross-examination which showed that the wife had sought alimony in a previous suit which came on for hearing at some time before January, 1954. Since permanent alimony can be awarded only where a cause for divorce exists, and since that suit must have been brought long before the expiration of the statutory three-year period required for a divorce based upon voluntary separation, we think that the inference is strong that the earlier suit was based upon some culpatory ground. It was in fact admitted at the argument in this Court that it was based upon alleged desertion.

It is true that a separation which begins with the abandonment of one party by the other may later be converted into a voluntary separation by agreement of both parties. (See the *Campbell, Hahn, Ashman, Lloyd, Benson Cases, supra.* In the *Campbell Case* this rule was applied; in each of the others it was recognized, but was found not applicable.) On the other hand, a separation cannot, at the moment of its occurrence, constitute both an abandonment of one party by the other and a separation by mutual agreement. This was recognized in the first case to reach this Court under the voluntary separation clause of the present Sec. 33 of Article 16, which was *Campbell v. Campbell, supra,* in which the parties appear to have shifted their positions very considerably, but were

found to have agreed to live separate and apart for at least nine years before the suit was filed. See also *Miller v. Miller* and *Kline v. Kline,* both cited above.

In *Dotterweich v. Dotterweich,* 174 Md. 697 ("Unreported"), 200 A. 523, the bill alleged, in the alternative, abandonment and voluntary separation. A decree granting a divorce on constructive desertion and abandonment was affirmed, without going into the matter of alleging these two alternative grounds.

In *Nichols v. Nichols, supra,* the fact that the wife had filed suit for divorce charging abandonment just two months after the separation was given great weight in holding that the separation was not by mutual agreement as claimed by the husband in his suit filed at the expiration of five years (the then statutory period). In that case it was noted that in the earlier suit the wife's application for alimony *pendente lite* had been denied, and that for some unexplained reason the case had not been pressed to a conclusion.

In the *Hahn Case,* the *Nichols Case* was referred to and the consistency of the wife's position, both in the bill in the suit which she brought and in the answer which she filed to her husband's suit, was pointed out. The *Hahn Case* involved a different situation. In it, the wife first brought a suit charging abandonment. The husband resisted it on the ground that the separation had been voluntary, and the decision upheld his contention. The second suit was also brought by the wife, but it was based upon a separation by mutual agreement, which was just what the husband had asserted in the first case. The wife was held not to be estopped from maintaining the second suit. In the last case decided by this Court, bearing on this subject, *Misner v. Misner,* 211 Md. 398, 127 A. 2d 547 (decided in December, 1956), a suit brought by the husband in another State, charging desertion, was held inconsistent with his suit in Maryland based upon alleged voluntary separation.

Taking the *Hahn Case* as establishing the doctrine that a prior suit based upon alleged abandonment is not *per se* a bar to a suit by the same party alleging separation by mutual agreement, and bearing in mind the able and experienced Chancellor's opportunity to hear and observe the witnesses, we

cannot say that he was clearly in error in finding that the separation was by mutual agreement.

This brings us to the second question, which is whether or not recrimination is available as a defense in a suit for divorce based upon voluntary separation. This question has not previously been decided by this Court. The doctrine of recrimination is firmly established in this State. *Courson v. Courson*, 208 Md. 171, 117 A. 2d 850.

There is no doubt that the wife was guilty of adultery. Shortly after she and the appellant separated she went to live with another man, by whom she had a child born in January, 1954. Her claim for alimony in the previous suit came to an abrupt end when she admitted at the hearing that she was then pregnant with a child not her husband's. The testimony relating to the previous suit appears to have been elicited to prove the adultery as the basis for invoking recrimination rather than to show that the wife had previously taken the inconsistent position of alleging desertion instead of the presently asserted voluntary separation.

The first statute in this State authorizing the granting of divorces in cases of voluntary separation was passed in 1937. It established, of course, a non-culpatory ground and thus introduced a new social policy into our law of divorce.[1] It is not readily to be fitted into a pattern which had been built up over many years on the theory that divorces were to be granted because of fault.

Many of these difficulties were commented upon in a note on *Campbell v. Campbell, supra,* in 2 *Md. Law Rev.,* 357, entitled "Five Years Voluntary Separation as New Ground for Absolute Divorce." (The statutory period is now three years.) One of the problems specifically mentioned in this note is the question of recrimination. That question had been raised in the trial court and the trial judge expressed the view that recrimination would not constitute a defense.

---

1. Insanity of a spouse was not made a ground for divorce until 1941. Imprisonment for felony, which might be said to be non-culpatory insofar as matrimonial offenses are concerned, was not made a ground for divorce until 1949.

He pointed out that the question was *res nova* in this State and cited the following cases in support of his conclusion: *Gerdts v. Gerdts,* 196 Minn. 599, 265 N. W. 811, 814; *Schuster v. Schuster,* 42 Ariz. 190, 23 P. 2d 559, 562; *Barrington v. Barrington,* 206 Ala. 192, 89 So. 512, 17 A. L. R. 789, 791; *McKenna v. McKenna,* 53 R. I. 373, 166 A. 822; *George v. George,* 56 Nev. 12, 41 P. 2d 1059, 97 A. L. R. 983, 985; *Smith v. Smith,* 54 R. I. 236, 172 A. 323, 324; *Best v. Best,* 218 Ky. 648, 291 S. W. 1032.

Since the *Campbell Case* there have been additional cases in other jurisdictions in accord with the view that recrimination is not a bar to a suit for divorce based upon long continued separation. See *Robertson v. Robertson* ('Tex. Civ. App.), 217 S. W. 2d 132; *Jolliffe v. Jolliffe,* 76 Idaho 95, 278 P. 2d 200; *Finnegan v. Finnegan,* 76 Idaho 500, 285 P. 2d 488. In *Pavletich v. Pavletich,* 50 N. M. 224, 174 P. 2d 826, the doctrine of recrimination was held inapplicable to a divorce based upon incompatibility on the theory that the statute authorizing a divorce on that ground was wholly inconsistent with the application of the doctrine.

Other cases might also be cited in support of the philosophy underlying such decisions, but because of statutory differences at least some of them are not directly in point insofar as our statute is concerned. See, for example, *Young v. Young,* 207 Ark. 36, 178 S. W. 2d 994, 152 A. L. R. 327 and *Larsen v. Larsen,* 207 Ark. 543, 181 S. W. 2d 683.

This Court found it unnecessary to consider the effect of recrimination in the *Campbell Case* because it found that the charges of adultery against the husband were not sustained. The question now recurs.

The reason for the rule which denies effect to recrimination in suits for divorce based upon voluntary separation has been well stated in *Smith v. Smith,* 54 R. I. 236, 172 A. 323, 324, quoted by Judge Dickerson in his opinion in the trial court in the *Campbell Case,* as follows: "It is evident that the conjugal life and the family life of the parties are permanently disrupted. There is no inclination for and no prospect of a reconciliation. Nothing is left of the marriage relation but the legal tie. Respondent contends that, regardless of these

facts, petitioner should be punished for his misconduct by a refusal of the trial justice to dissolve the marriage. If it appeared that there was any advantage to the family or to the state in continuing the marital status, the divorce might well be denied. But no such advantage is apparent."

Judge Dickerson himself would apparently have preferred to reach an opposite result, but felt that the out of State authorities to which he referred were too strong to be disregarded. He said: "If this question had not had the careful consideration of Courts of last resort in other States, I would regard the defendant's contention as most persuasive, but since these Courts have regarded similar legislative mandates as indicating that it was the legislative view that public policy would be better subserved by decreeing a dissolution of the marital tie, under circumstances similar to those of the instant case, than by decreeing the continuance of a threadbare status existing in name only, I feel impelled to follow the great weight of authority and to hold that Chapter 396 of the Acts of 1937 should be literally construed, and that the charge of misconduct on the part of the plaintiff constitutes no bar to the relief for which he prays."

In the instant case Judge Moser's first impression was in accord with Judge Dickerson's, but he became convinced of the correctness of the view that recrimination was not a defense by the reports and reasoning of the Master in two other suits in the courts of Baltimore City, each of which reports was adopted by the court to which it was submitted.

Our rule of recrimination is an inheritance from the Ecclesiastical Courts of England, and is an application of the equitable doctrine of "clean hands." *Fisher v. Fisher,* 93 Md. 298, 48 A. 833. Prior to the voluntary separation statute, which was originally enacted in 1937, there was no occasion to consider non-culpatory grounds for divorce in stating the doctrine of recrimination and its application, for (as already stated) there were no non-culpatory grounds. However, even some of the earlier cases, as well as others decided since the *Campbell Case,* have clearly stated the rule to be applicable where one party charges the other with a matrimonial offense and the other defends on the ground that the first party has

also committed such an offense. (Of course, recrimination as a defense to a suit for a divorce *a vinculo* must be based upon a matrimonial offense which would also constitute ground for such a divorce. *Appeltofft v. Appeltofft,* 147 Md. 603, 128 A. 273.) See the *Fisher Case, supra; Hawkins v. Hawkins,* 65 Md. 104, 3 A. 749; *Green v. Green,* 125 Md. 141, 93 A. 400; *Martin v. Martin,* 141 Md. 182, 118 A. 410; *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451; *Hull v. Hull,* 201 Md. 225, 93 A. 2d 536. In *Courson v. Courson, supra,* the principal question was whether or not abandonment for a sufficient period (eighteen months) to constitute a ground for a divorce *a vinculo* was a bar to a suit by the party guilty of abandonment based upon adultery by the other party. There was no occasion there to discuss recrimination in connection with a suit based upon a non-culpatory ground.

In the note in 2 *Md. Law Rev.,* 357, above referred to, it is said at page 361 that: "The recrimination rule is a derivative of the 'clean hands' doctrine of Equity which holds that a plaintiff who seeks a divorce for defendant's misconduct should have no cause to complain thereof if he himself had committed equal or greater misconduct. But this logic fails of application to this novel ground for divorce which does not involve any misconduct of the defendant. The 'clean hands' of the plaintiff are immaterial when the case is not concerned with the 'unclean hands' of the defendant. The whole recrimination defense is tied up with the misconduct theory of divorce which has been totally departed from in this added ground. Hence it has no application."

*Myerberg on The Practical Aspects of Divorce Practice* says at page 46: "The Legislature, in allowing a divorce for voluntary separation, insanity and conviction of crime, has eliminated completely the question of fault inherent in the other specified grounds for divorce. As to these non-culpatory grounds the Legislature, in my opinion, has also eliminated the doctrine of recrimination. Although the Court of Appeals has not yet passed on this question, the Equity Courts in Baltimore City have sustained the Masters in this view of the law. This may come as a shock to lawyers accustomed to thinking along traditional lines of fault in divorce matters, but examination of the

recent decisions in other jurisdictions will show that the conclusion suggested is both reasonable and proper."

*Nelson on Divorce and Annulment,* 2nd Ed., Vol. 1, Sec. 10.09 says: "Quite a number of states now have statutes authorizing the granting of a divorce on application of one of the parties after they have been separated and have lived separate and apart for a specific number of years. It is generally recognized that the purpose of such provisions is to dissolve the bonds of matrimony upon a showing meeting their terms, without regard to fault or other considerations. A defense of recrimination against an action under such a statute would defeat its object, and it has accordingly been held that such a defense is not available."

Our statute authorizing divorce by reason of voluntary separation for three years, without cohabitation and without reasonable expectation of reconciliation is founded upon a ground which is consensual and not culpatory. It embodies a radical departure from the earlier concepts, which were founded upon culpatory grounds. We think that it manifests an intention to permit the marriage relationship to be terminated in law, as well as in fact, without regard to fault. We also think that we should not read into the statute a limitation which is not there expressed and which seems to us inconsistent with its general purpose. We accordingly hold that recrimination is not available as a defense to a suit based upon our statute permitting a divorce founded upon voluntary separation of the parties.

We may conclude by adding an observation similar to that made at the end of our opinion in the *Courson Case.* This is that whether the policy which we think underlies this statute should be extended to cases where a divorce is sought on a culpatory ground, or whether the doctrine of recrimination which is applicable to cases involving a culpatory ground should be extended into the non-culpatory field, and whether any change is desirable are questions of policy for legislative determination.

As we interpret the statute as it now stands the decree appealed from should be affirmed.

*Decree affirmed, with costs.*